## SCOTT v. WHEELER, administratrix.

*Atkinson, J.*—1. Where an administratrix had advertised land for sale as the property of her intestate, to which a claim was filed, and after a trial of the claim case had been begun she filed an equitable petition for the purpose of more distinctly asserting the title of her intestate, which was met by an answer from the opposite side, the effect of all of which was to leave in controversy only a single material issue, as to which the administratrix carried the burden of proof, there was no error in allowing her counsel to open and conclude the argument.

2. The evidence warranted the verdict, and none of the numerous grounds of the motion for a new trial, so far as approved by the judge, disclose the commission of any error which would warrant this court in overruling a judgment refusing to set the verdict aside.　　　　　　　　　　　*Judgment affirmed.*

August 24, 1896.

Equitable petition. Before Judge Gober. Cherokee superior court. December 4, 1895.

*P. P. DuPre. J. P. Brooke* and *Clay & Blair*, for plaintiff in error.

---

## CRAIG v. KIKER.

*Lumpkin, J.*—There being nothing in the evidence to warrant the judge in giving in charge to the jury paragraph 1 of section 1952 of the code, it was error to do so; and as the evidence in support of the verdict was not strong, and there was much evidence to the contrary, this error is cause for a new trial.

August 24, 1896.　　　　　　　　　　　*Judgment reversed.*

Levy and claim. Before Judge Milner. Gordon superior court. August term, 1895.

*W. H. Dabney*, for plaintiff in error. *R. J. & J. McCamy, E. J. Kiker* and *F. A. Cantrell*, contra.