## Clark v. William M. Lloyd Company, Appellant.

*Negligence—Wagons—Lumber—Unloading lumber — Contributory negligence—Case for jury.*

1. A man is not required to so guard himself that he can not be injured by the unexpected negligence of another.

2. In an action to recover damages for personal injuries sustained by plaintiff as the result of being struck by lumber being

chuted from a wagon by one of the defendant's drivers, the case is for the jury and a verdict for plaintiff will be sustained, where it appeared that plaintiff at the time of the accident was superintending the erection of certain buildings, that he had given directions to the driver of one of the lumber wagons, had turned to give directions for the second load and the driver of the first wagon chuted the lumber, causing it to strike plaintiff; that while the driver knew where plaintiff was standing and plaintiff knew the location and direction of the wagon, the evidence was conflicting as to how far plaintiff stood from the direct line back of the wagon where the lumber would naturally fall, and as to how the lumber came in contact with him.

Argued March 23, 1916.  Appeal, No. 65, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3203, on verdict for plaintiff, in case of Charles Clark v. William M. Lloyd Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000.00 and judgment thereon, Defendant appealed.

*Errors assigned* were answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Edward M. Biddle,* for appellant.—The plaintiff was guilty of contributory negligence: Weir v. Haverford Elec. Light Co., 221 Pa. 611; Smith v. Brown, 229 Pa. 147.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee.—The question of plaintiff's contributory negligence was for the jury: Weir v. Haverford Elect. Light Co., 221 Pa. 611; Smith v. Brown, 229 Pa. 147; Cohen v. Philadelphia & Reading R. R. Co., 211 Pa. 227.

OPINION BY MR. JUSTICE WALLING, May 23, 1916:

This is an action of trespass for personal injuries. Plaintiff was superintending for a third party the construction of a house and garage in Montgomery County, to which defendant, on April 29, 1915, delivered two loads of heavy lumber on what are called "chute wagons." Such wagon is one with the load sloaping down to the rear at an angle of about twenty-five degrees and resting on rollers, so that when released and the wagon started forward, the lumber will shoot or slide rapidly backward until it falls upon the ground in rear of the wagon. It is an expeditious method of handling lumber or other like material. Plaintiff, as was his duty, checked off the first load and indicated to the driver where to unload it and the latter placed his wagon accordingly. Then plaintiff turned away to give like attention to the second load, and, while standing with his back toward the first wagon, the driver thereof released his load and started his team forward, so that the lumber in shooting from his wagon fell against and upon plaintiff's left leg breaking it and otherwise injuring him. The evidence tends to show that lumber so unloaded will shoot directly back in line with the wagon and remain where it falls; and so far as appears it did so on this occasion. It is conceded that when the driver started to release his load he knew where plaintiff was standing, and that plaintiff then knew the location and direction of the wagon, and was not in line with it so as to be injured by the lumber as it fell to the ground.

The evidence is conflicting as to how far plaintiff then stood from the direct line back of the wagon, where the lumber would naturally fall; that on his behalf tends to show he was four to five feet to one side, while that for defendant places him only about two or three feet away. The evidence is also conflicting as to how the lumber came in contact with plaintiff, that on his behalf tending to show that as the driver started his horses forward he drew them to one side so as to turn the rear end of the

wagon towards plaintiff, while that for defendant tends to show that the direction of the wagon remained unchanged, and that plaintiff must have stepped backward so as to come within range of the falling lumber. On this branch of the case plaintiff's own evidence is corroborated by that of two disinterested eye witnesses, while the evidence for defendant is that of the drivers of the two wagons, and they do not say they saw plaintiff move in the direction of the falling lumber.

The court below fairly submitted the case to the jury, who found for plaintiff, which implies a finding that the driver carelessly turned the wagon in the direction where he had just seen plaintiff standing, as the lumber was about to shoot from it, and thus caused the accident. If so, that would indicate negligence on the part of defendant. The driver says the team went as he directed it, so there is no question as to any unexpected movement of the horses.

The question of contributory negligence depended upon the facts and the inferences to be drawn from them and in our opinion was for the jury. How far plaintiff stood from the place where the lumber was expected to fall, and whether he stepped back in its way, were controverted questions. The evidence justified a finding that he was from four to five feet away and did not go nearer. If so how could the court declare as matter of law that he was negligent, especially as the driver testified that just before he started to dump the load he saw plaintiff standing three feet out of range and where he could not be hit. Plaintiff testified that he was perfectly familiar with the unloading of these wagons and was standing about five feet to one side and about four feet back of the wagon, where he could not possibly have been hit as the wagon then stood. He was not bound to anticipate that the driver would be negligent. A man is not required to so guard himself that he cannot be injured by the unexpected negligence of another. Whether plaintiff exercised due care depended somewhat upon conflicting evi-

dence, and at most was a matter about which reasonable men could honestly differ, and was therefore for the jury: See Cohen v. Philadelphia & Reading R. R. Co., 211 Pa. 227; and Fortney v. Breon, 245 Pa. 47.

The assignments of error are overruled and the judgment is affirmed.