## Kerk, Administratrix, v. Peters, Appellant.

*Negligence — Automobiles — Pedestrians — Contributory negligence—Collision—Death—Case for jury.*

Where in an action to recover damages for the death of plaintiff's husband who was struck by defendant's automobile while walking in the highway, it appeared that defendant blew his horn and could have stopped his machine before he struck deceased; that defendant undertook to pass on the right-hand side of the road where there was less room to pass than on the other side to the left of deceased; and that deceased was standing in the road bewildered when defendant blew his horn, the questions of plaintiff's negligence and defendant's contributory negligence were for the jury, and a verdict and judgment thereon for plaintiff were sustained.

Argued March 11, 1918. Appeal, No. 179, Jan. T., 1917, by defendant, from judgment of C. P. Northampton County, April T., 1916, No. 68, on verdict for plaintiff, in case of Katherine B. Kerk, Administratrix of Samuel

Statement of Facts—Opinion of the Court.   [261 Pa.
H. Kerk, deceased, v. Arthur E. Peters.   Before BROWN,
C. J., STEWART, MOSCHZISKER, FRAZER and WALLING,
JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's
decedent.  Before McKEEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,500 and judgment thereon.
Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for
defendant, in refusing to enter judgment for defendant
n. o. v., rulings on evidence and the charge to the jury.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.

*Calvin F. Smith,* of *Smith, Paff & Laub,* for appellee.

PER CURIAM, May 6, 1918:

The husband of the appellee, when crossing a public
highway, was struck by an automobile driven by the appellant, and death resulted from the injuries he sustained.   On this appeal from the judgment on a verdict
against the appellant his contention is that there was
no evidence of negligence on his part in driving the automobile, while the contributory negligence of the deceased
was clear, and the court below should have so held by
directing a verdict for the defendant or entering judgment in his favor non obstante veredicto.   To have taken
the case from the jury on either ground would have been
error.   The appellant admitted in his testimony that he
saw appellee's husband on the road about sixty feet
ahead of him; that he blew his horn and could have
stopped his machine before he struck the deceased.   Edwin H. Keiper, who was in the automobile with the appellant at the time of the collision, called as a witness
for him, testified that when the horn was blown the de-

ceased seemed bewildered, and in a minute the automobile struck him. He was struck with such force that, according to an eye witness, he "went through the air." The defendant undertook to pass on the right-hand side of the road, where there was considerably less room to pass than on the other side, to the left of the deceased. It seems from the testimony that on that side there was a clear width of more than twenty feet. With the admission of the defendant that he could have stopped his automobile before he struck the deceased, who was standing in the road bewildered, according to the testimony of two witnesses called for the defense, the correct conclusion of the learned court below in denying defendant's motion for judgment was that his negligence was a question of fact for the jury.

The deceased was lawfully on the highway, and he was not guilty of any negligence in attempting to cross it. The blowing of the horn and the approach of the automobile dazed him, and the law did not exact from him in his bewilderment the degree of care which he would have been bound to observe if he had not been suddenly confronted with unexpected peril through the act of the defendant. It was manifestly for this reason that the learned trial judge refused to affirm defendant's fifth point, which embodied a correct general rule. As a fair inference to be drawn from the testimony was that the deceased was not, under the circumstances, guilty of contributory negligence, that question was for the jury: Cohen v. Philadelphia & Reading Railway Company, 211 Pa. 227; Clark v. William M. Lloyd Company, 254 Pa. 168. Nothing is to be found in any of the assignments of error calling for a disturbance of the judgment, and it is accordingly affirmed.