11808.  ROSE & DASHER *v.* TAYLOR, LOWENSTEIN & COMPANY.

1. If the original petition contain enough to amend by, a plaintiff may, at any stage of the cause, as matter of right, amend his petition by adding another and separate count based upon the same cause of action. Civil Code (1910), §§ 5681-83; *Maxwell* v. *Harrison*, 8 *Ga.* 61(2); *Gainesville &c. Ry. Co.* v. *Austin*, 122 *Ga.* 823, 824(3) (50 S. E. 983); *Cooper* v. *Portner Brewing Co.*, 112 *Ga.* 894(3), 900 (38 S. E. 91); *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404(5) (55 S. E. 37, 7 L. R. A. (N. S.) 926); *National Surety Co.* v. *Farmers Bank*, 145 *Ga.* 461(1) (89 S. E. 581); 31 Cyc. 409; 6 Stand. Enc. Procedure, 710.

2. Where, in order to prevent a dismissal of the plaintiffs' petition, under an order of the court sustaining a demurrer setting up a different construction of the contract sued on, the plaintiffs tendered an amendment, as permitted by the order of the court and conforming to the court's construction of the contract, but made in the form of a second and independent count, it was error to disallow such an amendment and dismiss the petition, where the construction of the contract as thus sued on was the proper and correct one. In such a case it is unnecessary to determine whether or not, after offering such an amendment, as in compliance with the court's order on the demurrer, the plaintiffs might complain not only that the court erred in dismissing the petition as amended by the second count, but also that the petition was good on the original count. See *Glover* v. *Savannah Ry. Co.*, 107 *Ga.* 34(3) (32 S. E. 876); *Farrer* v. *Edwards*, 144 *Ga.* 553(1) (87 S. E. 777); *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617); *Gainesville &c. Ry. Co.* v. *Austin*, 127 *Ga.* 120(1) (56 S. E. 254); *Hay* v. *Collins*, 118 *Ga.* 243(2) (44 S. E. 1002); *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404(5) (55 S. E. 37, 7 L. R. A. (N. S.) 926); *National Surety Co.* v. *Farmers Bank*, 145 *Ga.* 461, 467 (89 S. E. 581).

3. The court did not err in its construction of the contract, but erred in refusing to allow the proffered amendment by which the plaintiffs

sought to add to the petition a count in accordance with such construction, and in dismissing the petition.

DECIDED APRIL 14, 1921.

Attachment; from city court of Savannah — Judge Freeman. July 15, 1921.

The plaintiffs, by their declaration in attachment, sought to recover the purchase-price of a tank-car of turpentine shipped to the defendants under a written contract. The amount claimed was "eight cents per gallon in bulk below the official closing, Savannah, Georgia, market. . . on date of bill of lading," June 6, 1919, when the "full tank" car was "loaded" and delivered to the carrier at Bannockburn, Georgia, for shipment to the defendants at Savannah. The clauses of the contract upon which plaintiffs rely are as follows:

"*Place of Delivery* — The turpentine to be delivered into tank cars of the buyer. . . . by the seller, all f. o. b. Bannockburn. Ga., free of expense to the buyer." "*Price* — For turpentine to be eight cents per gallon in bulk, below the official closing Savannah, Ga., market. . . on date of bill of lading when full tank cars are loaded." "*Terms* — The buyer is to remit for proceeds of all shipments promptly after receipt or signed bills of lading and detailed weights."

The defendants demurred to the declaration as originally filed and as amended, upon the ground that the written contract, which was attached to the declaration, did not warrant a recovery of the amount sued for, viz. the market price of the turpentine based upon the Savannah market as of the date of the bill of lading issued when the car was loaded by plaintiffs, on June 6, 1919, but that under certain clauses of the contract there was a lesser liability, viz. the market price based on the Savannah market 10 days after the day they received written instructions from plaintiffs to furnish the tank car in question, which was the price on May 29, 1919. The clauses upon which defendants rely are as follows: "*Tank Cars* — Empty tank cars are to be furnished by the buyer within a reasonable time after written instructions are given that same are needed and can be loaded promptly. The ten days is to be considered a reasonable time, and if tank cars are not furnished within ten days, the price of said turpentine is to be based on the price of the tenth day after

receipt of such written notice by the buyer." The court construed the contract in accordance with defendants' construction, and sustained their demurrers, but with leave given the plaintiffs to amend the petition accordingly. The plaintiffs, within the prescribed time, tendered an amendment in the form of a second and independent count, conforming to the court's construction of the contract. The court disallowed the amendment and dismissed the petition.

*Oliver & Oliver,* for plaintiffs.

*Lawrence & Abrahams,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.) The language of the contract, fixing the price of turpentine according to its quoted value on the tenth day after notice to furnish tank cars had been given, must, in our opinion, not only be taken as the measure of damages for any negligent failure to promptly furnish the cars, but must also be taken and construed as an agreement fixing the price of the turpentine in accordance with the conditions and emergencies causing delays for which defendants might not be in any way responsible. While in some cases the market price based upon such ten-days period might be favorable to the defendants, it is just as likely that such an agreement would operate in favor of the plaintiffs. It is not alleged that the delay in furnishing the car was occasioned by any fraud, or even by negligence, of the defendants, and it may have resulted from the act of some third party. So far as the record discloses, the situation arising from the delayed arrival of the car was simply such as was naturally to be anticipated, and as appears to have been in the minds of the parties when the agreement was entered upon.

*Judgment reversed. Stephens and Hill, JJ., concur.*