THOMPSON et al. v. SHELLMAN BANKING COMPANY.

BELL, J. This was a suit in equity, brought by a banking company through the superintendent of banks having the bank in charge as an insolvent institution, to cancel a purported security deed made by the former president of the bank to the former cashier. The petition averred that the purpose of the deed was to defeat an assessment made by the superintendent against the grantor as a stockholder, and alleged that the deed was void because (1) it was executed without consideration and at a time when the grantor was insolvent, and (2) it was made to hinder, delay, and defraud the plaintiff as a creditor, such purpose being known to the grantee. The defendants contended that, although executed only a few days before the recording of an execution for the stock assessment, the deed was made to secure moneys loaned by the grantee to the grantor, and used by the latter to strengthen the bank, before its failure, with the understanding at the time that the borrower would later execute such deed, if necessary, for the protection of the lender. The jury found in favor of the plaintiff, and the defendants excepted to the overruling of their motion for a new trial. *Held*:

1. The evidence, though in large degree circumstantial, was sufficient to authorize the verdict in the plaintiff's favor.
2. The right of a debtor to prefer one creditor over another is subject to the qualification that a conveyance for that purpose must not be tainted

with any intention to hinder, delay, or defraud others, such conveyance being judged by the intention with which it is made and accepted, and not by its consideration or effect. *Cotton States Co.* v. *Childs*, 179 *Ga.* 23 (174 S. E. 708).

3. It was not cause for a new trial that the court gave in charge to the jury the first paragraph of section 3224 of the Civil Code of 1910, along with the other portions of this section, although the suit was based upon the law as contained in paragraphs 2 and 3. *Cribb* v. *Bagley*, 83 *Ga.* 105 (2) (10 S. E. 194); *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405). The present case differs on its facts from *Craig* v. *Kiker*, 99 *Ga.* 326 (25 S. E. 701), where "the evidence in support of the verdict was not strong." In view of the interest and relationship of the parties, the failure of the defendants to introduce the bank records, the making of the deed only a few days before the recording of the execution for the stock assessment, the failure of the grantor to testify as a witness, and other circumstances, including some evidence tending to impeach the grantee, it can not be said in this case that the evidence in support of the verdict was not strong.

4. The judge in one instance in his charge referred to the deed as one claimed to have been made in payment, whereas it purported to be only a security deed, and none of the parties contended otherwise. In the circumstances, the discrepancy in the charge was not calculated to mislead the jury, and was not ground for a new trial.

5. The record does not sustain the contention that certain excerpts from the charge of the court were not warranted by the evidence.

6. In the absence of a proper request, the court sufficiently gave in charge the contentions of the defendant and the law applicable thereto.

7. The verdict was not contrary to law and equity upon the ground that the plaintiff did not offer to do equity by restoring to the defendant grantee the sums alleged to have been loaned to the grantor for the benefit of the bank and used for that purpose. Under the evidence, the jury were not bound to give credence to the contentions of the defendants, but could have found that no such loans were ever made, or that, if made, the proceeds were not applied to the benefit of the bank.

8. There was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

No. 10446. MARCH 16, 1935.

*H. Grady Rawls* and *A. H. Gray,* for plaintiffs in error.
*Olin Hammock* and *Lowrey Stone,* contra.