27773.   SOUTHERN RAILWAY COMPANY *v.* HEATON.

DECIDED NOVEMBER 29, 1939.   REHEARING DENIED DECEMBER 16, 1939.

*Wheeler & Kenyon, R. W. Smith Jr., Charles J. Thurmond,* for plaintiff in error.

. *Sam Kimzey, Hamilton Kimzey, Herbert Kimzey, Arnold, Gambrell & Arnold,* contra.

STEPHENS, P. J. Flay Heaton filed suit against Southern Railway Company to recover $20,000 damages on account of personal injuries alleged to have been caused by the negligence of the defendant. It appeared from the petition that the defendant was a carrier engaged in both interstate and intrastate transportation; that the plaintiff, an employee of the defendant, was instructed by his foreman to take two of his fellow employees with him on a motor car of the defendant and go to a certain point down the railroad track of the defendant for the purpose of repairing a crossing sign; that the plaintiff was in charge of this detail, and after loading certain tools on the motor car, including a crowbar, the plaintiff instructed the other two servants of the defendant to keep a watch over these tools; that the plaintiff drove the motor car along the track of the defendant, and it was necessary that he keep a lookout along the track ahead of the car; that there was an opening in the middle of the platform of the motor car, and after the plaintiff and his fellow servants had proceeded some distance down the track the crowbar became disarranged or dislocated from the other tools and slid into this opening striking the plaintiff's leg, throwing him from the car, and inflicting the injuries sued for. The plaintiff originally brought his suit specifically under the Federal employers' liability act, and alleged that the defendant furnished him with a defective and unsafe motor car with which to do this work, and that his two fellow servants failed to watch over the tools, and particularly the crowbar, thereby causing his injury. He alleged that the company was therefore liable in that it furnished him with a defective and unsafe appliance with which to do his work, and in that his fellow servants were negligent in failing to properly keep a watch over these tools.

. The defendant demurred generally and specially to the petition. To the judgment overruling its demurrer the defendant excepted pendente lite. Thereafter the plaintiff amended the petition by adding another count thereto in which he alleged substantially the allegations contained in the original petition, except that the plaintiff did not specifically allege therein that the second count was

brought under the Federal employers' liability act, and did not allege therein that the defendant was negligent in furnishing to him a defective and unsafe appliance with which to accomplish his work, namely, the motor car, but proceeded solely on the theory that his injuries were caused by the negligence of his two fellow servants in failing to keep proper watch over the tools placed in the motor car. It was alleged therein that "Plaintiff brings this second count under such statutes and laws as may be applicable thereto." The defendant renewed its original demurrers to the petition as amended and added additional grounds of demurrer thereto. To the judgment of the trial court overruling its demurrers the defendant excepted pendente lite.

On the allowance of this amendment the defendant filed its petition to remove the cause to the Federal court on the ground of diversity of citizenship. The trial judge denied the defendant's petition to remove and ordered the case to proceed to trial. To this judgment the defendant excepted pendente lite. The case proceeded to trial. At the conclusion of the evidence the plaintiff announced that he would not insist upon the cause of action as alleged in the original petition, and requested the court to submit to the jury only the cause of action as set forth in the second count. The trial resulted in a verdict for the plaintiff for $10,000. The defendant moved for a new trial on the general grounds, and by amendment, added several special grounds. To the judgment overruling its motion for new trial as amended the defendant excepted. The defendant also assigns error on the exceptions pendente lite.

The petition as originally filed was not subject to demurrer on the ground that it appeared that the plaintiff was a vice-principal, and had equal means with his foreman of acquiring knowledge as to the alleged defective and unsafe condition of the motor car. The fact that the plaintiff's two fellow servants were placed under the plaintiff's immediate direction and control, in so far as the particular work for the defendant which they were to accomplish was concerned, does not necessarily make the plaintiff a vice-principal, as contended by counsel for the defendant. It appears that all three of these employees of the railroad company were engaged in the performance of the same work. The plaintiff was a mere fellow servant with direction over the other two servants as to the accomplishment of the work. See *Whitfield* v. *L. & N. R. Co.,* 7 *Ga.*

*App.* 268, 270 (66 S. E. 973) ; *McDonald* v. *Eagle & Phenix Mfg. Co.,* 68 *Ga.* 839, 844; *Cates* v. *Itner,* 104 *Ga.* 679 (30 S. E. 884). The petition alleged that the car furnished the plaintiff was an old official car, and was not constructed for the purpose of hauling tools or material; that it was wholly unsuited for the use to which the defendant placed it and was unsafe to be used for that purpose; that these facts were well known to the defendant; that the plaintiff had not had any experience with a car of this character, and did not know of the danger incident to the use and operation of it when being used to haul tools and materials. Construing the allegations of the petition most strongly against the pleader, as must be done, it can not even then be said that the plaintiff knew, or in the exercise of ordinary care should have known, that this motor car was defective for the purpose used and was an unsafe appliance. At least it was for the jury to say whether or not the defendant assumed the risk of his employment by riding upon and driving the motor car furnished him by the defendant. It does not appear from the allegations of the petition that the defective and unsafe condition of the motor car was so obvious that, as a matter of law, the defendant knew or should have known of its condition. The assumption of risk by a servant is a question for the jury, and should not be decided by this court on demurrer except in plain and indisputable cases. *Grant* v. *Royster Guano Company,* 15 *Ga. App.* 758 (4) (84 S. E. 161). Furthermore, the first count was expressly under the Federal employers' liability act, and alleged that the railroad company had furnished the plaintiff and his fellow employees a defective and unsafe appliance or equipment with which to do the work assigned to him by the foreman of the defendant, in violation of that act. In such a case such an employee will not be held to have assumed the risk of his employment. U. S. C. A. Title 45, § 54.

There is no question in the case as now before this court, under the second count and under the evidence, as to the liability of the defendant predicated upon any failure on its part to furnish to the plaintiff a safe motor car, free from defects, with which to do his work. The first count in which this proposition was pleaded was expressly abandoned and the case was submitted to the jury on the second count alone, which count was predicated solely upon the alleged negligence of the plaintiff's two fellow servants in failing

to properly watch the tools as the motor car was proceeding down the track of the defendant with the plaintiff as its driver. Both under the laws of this State and of the United States the railroad company is liable for an injury caused to one of its servants as the result of the negligence of a fellow servant while engaged in the performance of the duties of his employment. Code, § 66-304; U. S. C. A. Title 45, § 51. It follows that the court did not err in allowing the plaintiff's amendment setting up the second count, and in overruling the defendant's demurrer thereto. *Rose* v. *Taylor,* 26 *Ga. App.* 700 (106 S. E. 922); *Blyth* v. *White,* 49 *Ga. App.* 738 (2) (176 S. E. 830).

Count 2 of the petition as amended was demurred to as being duplicitious, in that it contained substantially the same allegations as appeared in count 1. It should be noted that count 1 was afterwards abandoned and that the trial was had only on count 2. The basis of the ground of the demurrer was removed. Therefore there appears no error prejudicial to the defendant in the court's overruling the demurrer. See *Gainesville &c. Electric Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983).

It does not appear as a matter of law from the pleadings or from the evidence that the proximate, efficient and controlling cause of the injury to the plaintiff was the manner and method adopted by the plaintiff in loading the crowbar on the motor car, which was obviously so constructed that, as a natural incident to the vibration resulting from the operation of the motor car along a railroad track, the crowbar would be jolted from its post and would fall. There was sufficient evidence to authorize the verdict for the plaintiff on the theory that the plaintiff's injuries were the direct and proximate result of the failure of at least one of his fellow servants to properly keep a watch over the tools loaded upon this motor car as it proceeded along the track of the defendant, being driven by the plaintiff who had to keep a lookout ahead, the servant or servants having been instructed by the plaintiff, under authority given him by the foreman, to keep a proper watch over these tools. The evidence authorized the verdict for the plaintiff on the second count, and there was no error in overruling the general grounds of the defendant's motion for new trial.

The court charged the jury: "That if the plaintiff was injured and his injury was caused by the negligence of other employees of

the defendant company in some or all of the particulars as described in the petition the plaintiff is entitled to recover if such negligence proximately contributed to his injury." This charge was not error as authorizing a recovery on account of the negligence of the other "employees" of the defendant, when, according to the testimony of the plaintiff, one of these co-employees was not supposed to keep a watch over the car for the particular tool in question that caused the plaintiff's injury. It appeared from the plaintiff's direct testimony that both of these fellow servants were instructed by the plaintiff to maintain a careful watch over these tools. The ruling in *Central of Georgia Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493), that "the court erred in charging the jury that the plaintiff would be entitled to recover if he proved any one or more of his alleged grounds of negligence, where one of such grounds did not constitute a legal basis for a recovery," is not applicable to the facts of the case under consideration. The plaintiff would be entitled to recover if he proved any one or more of the acts of negligence laid in his petition. However, in this case it was immaterial that the court used the words "other employees" in this portion of the charge. The charge was harmless and did not tend to prejudice the defendant. It is immaterial as respects the liability of the defendant and the right of the plaintiff to recover therefor whether the plaintiff's injuries were caused by the negligence of one of his fellow servants or by both of them.

The court charged the jury as follows: "Under the testimony in this case the transaction was one involving interstate commerce and that therefore the Federal law applies. The law under which this case is being tried is the act of the United States Congress of 1908." This was not error. The first count, which was abandoned, was expressly brought under the Federal employers' liability act. The second count in which the plaintiff predicated his right to recover solely on the alleged negligence of his fellow servants did not allege specifically that it was brought under the Federal employers' liability act, but it was alleged that it was brought under "such statutes and laws as may be applicable thereto." As we have seen, an interstate railroad company is liable under the employers' liability act for an injury to an employee caused by the negligence of a co-employee. U. S. C. A. Title 45, § 51, supra. It is immaterial that the plaintiff did not specifically allege that he

was bringing the second count under the Federal act. Even if the plaintiff had specifically stated that he was proceeding under the statutes and laws of this State, the case would be one under the Federal employers' liability act if it appeared that the plaintiff was engaged in interstate transportation and was injured as a result of the negligence of a co-employee. Where a petition, in a suit by an employee against an interstate carrier, alleges facts which entitle the employee to recover under the Federal employers' liability act for injuries sustained by the alleged negligence of the employer, it is immaterial that the employee alleges that his right to recover is determinable under the State statute. *Atlantic Coast Line R. Co.* v. *Frierson,* 60 *Ga. App.* 465 (4 S. E. 2d, 131). The plaintiff's right of action is determined by the facts alleged in the petition, applying the law applicable thereto.

The defendant contends in this ground of its motion for new trial that the law has been clearly established that unless the employee was actually engaged at the time of the injury in working with or using the instrumentality which was then being used in interstate commerce the Federal statute does not apply, and that it does not appear that the plaintiff was so engaged at the time of his injury, but that his work was upon an object which, as related to transportation, was static in its nature. The defendant relies upon the cases of Shanks v. Delaware &c. Ry. Co., 239 U. S. 556 (36 Sup. Ct. 188, 60 L. ed. 436, L. R. A. 1916C, 797); Minnesota &c. R. Co. v. Winters, 242 U. S. 353 (37 Sup. Ct. 170, 61 L. ed. 358, Ann. Cas. 1918B, 54); Delaware &c. R. Co. v. Yurkonis, 238 U. S. 439 (35 Sup. Ct. 902, 59 L. ed. 1397); L. & N. R. Co. v. Brittain, 93 Fed. (2d) 159, and Chicago &c. R. Co. v. Industrial Commission, 284 U. S. 296 (52 Sup. Ct. 151, 76 L. ed. 304, 77 A. L. R. 1367).

The plaintiff alleged in the second count of the petition that he was an employee of the defendant, an interstate carrier, in a department of the defendant's work which was to be done on bridges, signs, and other objects on the right of way of the defendant; that it was the plaintiff's duty to help repair trestles, bridges, signal posts, blow posts, signal boards, depots, derailers, and other things necessary to carry on the business of a common carrier; that both intrastate and interstate trains ran over the particular portion of the track involved in this case; that the plaintiff's foreman in-

structed him to take a small motor car and tools and material and two other employees of the defendant and repair a crossing signpost on the main line of the defendant's double track, and to inspect, paint, and repair all blow posts, all station posts, all mile posts, all posts erected on switches and other similar things between the crossing signal which was to be, repaired and the City of Gainesville, from which latter point the plaintiff was instructed to proceed. The plaintiff further alleged that the repair, painting, and maintenance of such objects was essential to the proper operation of both interstate and intrastate trains along these tracks. The plaintiff also alleged that the crossing signpost, such as the one to be repaired in this case, was conspicuously elevated above the highway, and was intended to warn all kinds of vehicles and pedestrians of the presence of the track and of the likelihood of trains; that such crossing signs were required by the State of Georgia, and that their object is to promote the safety, not only of the highway travelers, but of both intrastate and interstate trains thereon and passengers therein on the defendant's track. It was alleged that the other things to be repaired were essential and absolutely necessary in order to facilitate and safeguard interstate and intrastate transportation.

The evidence in the case tended to support the above allegations. The plaintiff testified: "In addition to putting up that crossing signal post we were to work back north to Gainesville and put up clear posts and mile posts and signal posts and rail crossings, one-mile posts, and paint derailers and things like that . . that were on the track and along it." In these circumstances we do not think it can be held as a matter of law that the crossing signpost which was erected along the right of way of an interstate carrier was not an instrumentality used in facilitating and safeguarding interstate transportation, and that one engaged in the repair thereof would not be engaged in interstate transportation or in work so closely related to it as to be practically a part of it. And certainly this is true of mile posts, blow posts, derailers, clear posts, and such other signal devices along the tracks of an interstate carrier. The test in determining whether a railroad employee is, at the time of an injury, engaged in interstate transportation and whether his right to recover is determinable by the Federal employers' liability act is whether the employee was engaged in interstate transportation,

or in work so closely related to it as to be practically a part of it. *Atlantic Coast Line R. Co.* v. *Frierson,* 60 *Ga. App.* 465 (supra.). "One engaged in employment necessary to the maintenance of any instrumentality essential to the successful operation of a road by a carrier engaged in interstate commerce, is employed in interstate commerce [transportation] under the Federal employers' liability act." Coal & Coke Ry. Co. *v.* Deal, 4 Cir., 231 Fed. 604. Applying these principles, the plaintiff's work was directly and immediately connected with interstate transportation and was an essential part of it. It follows that the court properly instructed the jury that the case was one involving interstate transportation and that the Federal law was applicable.

Where the plaintiff alleged that his earning capacity before his injury was $112 per month; that since his injury he was able to earn only $25 per month; that his capacity to labor and earn money had been permanently impaired, and that he was disabled from doing anything or earning any wages for a period of more than ten months after his alleged injury; and where, under the plaintiff's testimony, it appeared that he was not able to work all of the time, being sick a portion of the time, and that after he was able to get out of bed he was able to earn only around $35 a month, but that he is, on account of his injury, capable only of doing light carpenter work, much lighter work than when he worked with the railroad before his injury, it was not error for any of the reasons assigned for the court to charge the jury as follows: "Plaintiff claims damage in this case first for alleged lost time on account of his alleged injuries. . . First, as to the averments of lost time, if the jury believes from the testimony that the plaintiff has lost time from his work or vocation on account of this injury, and if you further find the value of such lost time, that is the amount of money the plaintiff has lost from his vocational work on account of such loss, then this would be a legitimate item of recovery. You could allow damages for lost time from the date of the injury up until the time of this trial if you believe that on account of said injury that much time has been lost, but if only a portion of the time has been lost on account of the injury you would be authorized to give such damages for such portion as has been lost."

The court charged the jury as follows: "The law under which this case is being tried is the act of the United States Congress of

1908. So far as is applicable to this case, that act provides that every common carrier by railroad while engaged in commerce between any of the several States of the Union, shall be liable in damages for the injury of any employee in such commerce, such liability to be where injury results in whole or in part from the negligence of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, or other equipment." It is true that the plaintiff, after the introduction of evidence and before the case was submitted to the jury, expressly abandoned the first count of the petition, and that it was in this count that he charged that the defendant was liable on account of his injuries because it had furnished to him an unsafe and defective motor car, and that the plaintiff did not seek to recover on this ground in the second count but sought to recover solely because of the alleged negligence of his fellow servants. However, the court in giving the above charge was merely giving the text of the Federal law under which, as we have seen, the plaintiff's case was proceeding. The court had specifically instructed the jury that the plaintiff could recover only on the allegations of negligence made in the petition, and had instructed them that when he was referring in his charge to the petition he was referring to the second count of the plaintiff's petition. It was not error for the court to give in charge to the jury the substance of the act of Congress of April 22, 1908 (U. S. C. A. Title 45, § 51), although the plaintiff was seeking a recovery on account of his injury based only upon the alleged negligence of the plaintiff's co-employees. *Thompson* v. *Shellman Banking Co.,* 180 *Ga.* 495 (179 S. E. 75). It does not appear how this instruction, which gave the substance of the Federal law, in the light of the court's previous instructions, tended in any way to mislead or prejudice the jury as to the rights of the defendant. See *Martin* v. *Hale,* 136 *Ga.* 228 (71 S. E. 133) ; *Atlantic Coast Line R. Co.* v. *Spearman,* 42 *Ga. App.* 536 (156 S. E. 824). The defendant contends that in the light of the amount of the verdict it is apparent that the jury gave weight to this portion of the charge, and that the verdict was augmented on account of the comments of counsel for the plaintiff in his concluding argument, "That the defendant furnished this dangerous instrument, this rotten instrument, and that made it necessary for these fellows to be

careful." We can not agree with this contention. No objection was made at the time to this argument. Furthermore, counsel for the plaintiff did not say that the plaintiff was entitled to recover because of this dangerous, this rotten instrument, but only that it made it necessary for "these fellows," meaning the plaintiff's co-employees, who were instructed to watch these tools, "to be careful."

Error is assigned in ground 5 upon the following charge to the jury: "The jury are instructed that negligence is the failure to exercise legally-required care. The care which was required of the defendant in this case, as well as that which was required of the plaintiff, was ordinary care. Ordinary care is that care which every prudent person would exercise under the same or similar circumstances. As just stated, negligence is the failure to exercise the care which the law requires. If you find from the evidence that the plaintiff was negligent and that his negligence was the sole and only cause of his injury, then there could be no recovery in this case. The jury are instructed, however, that if the defendant railway was negligent in some or all of the particulars described in the petition, and that such negligence in part was the cause of the injury of the plaintiff, if any, then and in such event, if you find that the plaintiff was guilty of negligence, such negligence of the plaintiff would not entirely defeat a recovery, but would only diminish or reduce the damages which would be awarded to the plaintiff, and in such case of negligence on the part of the plaintiff the damages would be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff. If the jury find from the evidence that the plaintiff was negligent in the manner of performing his duties, or in not properly guarding against danger under the circumstances of the case, and if you also find that the defendant was guilty of negligence which in part contributed to the plaintiff's injury, if any, and if such negligence is negligence which is described in the plaintiff's petition, then in such event, the plaintiff being guilty of some negligence and the defendant also being guilty of negligence which in part caused the injury, the plaintiff's negligence would be considered by the jury in reduction of damages, and such negligence would reduce the amount in proportion to the negligence attributable to the plaintiff. Negligence is a question of fact for the jury under proper instructions from the court. The court

can give the jury the general standards of diligence and care, but as to whether the conduct of the parties comes up to or falls short of these standards is a question of fact for the jury."

This charge did not state a wrong statement of the rule for determining damages under the Federal employers' liability act where the plaintiff has been guilty of contributory negligence. The act provides that "contributory negligence [of the employee] shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of · negligence attributable to such employee." U. S. C. A. Title 45, § 53. The charge complained of, that if the jury found that the plaintiff's negligence contributed to his injury his "damages would be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff," and that "such negligence would reduce the amount in proportion to the negligence attributable to the plaintiff," was not error upon the ground that it did not state the true rule, but that the true rule is "that the plaintiff shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both." It has been held that the statutory direction that the diminution shall be "in proportion to the amount of negligence attributable to such employee" means that where the causal negligence is partly attributable to him and partly to the carrier he shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both. This charge was not error on the ground that the evidence demanded a finding that the plaintiff's negligence in a very large proportion contributed to the injury complained of, if it was not the sole proximate cause thereof. The evidence did not demand such finding, and the jury were properly instructed that if they did find that any negligence of the plaintiff was the proximate cause of his injury he could not recover. Furthermore, the charge which the defendant contends should have been given would have been no more favorable to the defendant than the charge as given. *Southern Ry. Co.* v. *Wessinger,* 32 *Ga. App.* 551, 556 (124 S. E. 100) ; Norfolk &c. R. Co. *v.* Earnest, 229 U. S. 114 (33 Sup. Ct. 654, 57 L. ed. 1096, Ann. Cas. 1914C, 172) ; *W. & A. R. Co.* v. *Hughes,* 37 *Ga. App.* 771 (142

S. E. 185). This charge was not error for any of the reasons assigned.

In connection with that portion of the charge quoted above in which the trial judge dealt with contributory negligence on the part of the plaintiff and consequent diminution of damages on account thereof, the defendant, in ground 6 of the motion for new trial assigns error thereon because the court did not charge anywhere, or at any time, that the jury should compare the amount of negligence attributable to the plaintiff with the amount of negligence attributable to the defendant, and reduce the damages caused by the combined negligence of the plaintiff and the defendant in proportion to the amount of negligence attributable to the plaintiff, and because the court did not charge the jury in substance: "You are instructed that if you find from the evidence in this case that the plaintiff was guilty of contributory negligence and that his negligence in part caused the injury complained of then he shall not recover full damages but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both." As we have seen, the charge excepted to was substantially correct. Again, it is not a good exception to a portion of a charge which states a correct principle of law applicable to the case that some other correct and appropriate instruction was not given. *Smith* v. *Duhart*, 152 *Ga.* 554 (3) (110 S. E. 301). We repeat here that the charge which the defendant contends should have been given would have been no more favorable to the defendant than the charge as given.

The court did not err in refusing, upon timely request of the defendant, to charge the jury as follows: "I charge you that if you believe that Flay Heaton, the plaintiff in this case, loaded a tool of some kind on the motor car used by him, then as a matter of law he assumed all risks of how the tool was loaded, and he can not in this case recover from the defendant any damages caused by an improper loading of such tool." It does not appear that the crowbar which caused the plaintiff's injury was improperly loaded by the plaintiff on the motor car, and that as a result of such improper loading the plaintiff was injured. The plaintiff contended, and the evidence authorized the jury to so find, that his injury was caused by the failure of his fellow servant or servants

to properly keep a watch over tools loaded on the motor car, and that the reason the crowbar slid into the opening in the platform of the motor car was the natural vibration caused by the running of the motor car. The plaintiff employee will not be considered as assuming the risk incident to a situation over which at the time he has no control because of the fact that at the time he is keeping a lookout ahead, and where the situation has been created by the negligence of a fellow servant. Southern Ry. v. Mays, 239 Fed. 41. While it might be assumed that Heaton, in loading the tools in the car, created a situation which later made the negligence of the fellow servants possible, he did not assume the risk of the negligence of the fellow servants which followed. The doctrine of assumption of risk has no application to risks arising solely out of unexpected negligent acts of fellow servants. Clark v. William M. Lloyd Co., 254 Pa. 168 (98 Atl. 866).

The court did not err, as alleged in ground 8, in failing to give the following request to charge: "I charge you that if you believe from the evidence in this case that Mr. Keller was not negligent, then you would return a verdict for the defendant, as there is no evidence in this case that would authorize a finding against the defendant because of any conduct of the colored man, John Jarrett, at the time of the occurrence complained of." There was the testimony of the plaintiff and of the co-employee, Keller, that plaintiff had instructed both Keller and Jarrett, the co-employees of the plaintiff, to keep a watch over these tools. It is true that in one place, on cross-examination, the plaintiff testified that Jarrett was not supposed to look after the tools. In view of the testimony for the plaintiff as a whole the jury would have been authorized to find that both fellow servants were negligent in failing to properly watch over these tools, and that as a result of this failure the plaintiff was injured.

In ground 9 the plaintiff assigns error on the failure of the court to give the following request to charge: "I further charge you that if you find from the evidence that Mr. Keller was negligent, and if it further appears that the plaintiff, Mr. Heaton, knew that Keller was negligent, or if the plaintiff had equal means with Southern Railway Company of knowing Keller's negligence, if any, or if Keller's negligence, if any, was obvious to the plaintiff, and if he could by ordinary care have known of it, then the plaintiff

can not recover in this case, and it would be your duty to return a verdict for the defendant, even though you may believe that Keller was negligent." The plaintiff was under no duty to anticipate the negligence of his co-employees. Under the evidence it appears that the plaintiff was not in a position to observe whether or not the co-employees were properly watching over the tools, as it was his duty to keep a lookout on the track ahead of him, which he testified that he did. It does not appear that the plaintiff knew of the negligence of the co-employees. The court did not err in failing to give the above request in charge to the jury.

In ground 10 the defendant requested the court to charge the jury as follows: "The plaintiff in this case assumed all the risks of any fact or negligence complained of if, before the plaintiff was injured, and in time to have avoided such injury, he knew of the existence of such fact or negligence, or if under the circumstances such fact or negligence, if any, was so obvious or so apparent that the plaintiff ought to have known of it; and if the plaintiff was injured after any negligence of which he had knowledge or which was so obvious that he ought to have known of its existence, then he could not recover in this case, and in that event it would be your duty to return a verdict for the defendant." The charge as a whole sufficiently covered the principle laid down in this request. The failure of the court to give the same in charge to the jury was not error.

The verdict, which was for the plaintiff, was for $10,000. In ground 11 the defendant assigns error on the verdict as being so excessive as to manifest bias and prejudice on the part of the jury. The jury were authorized to find that the proximate cause of the plaintiff's injuries was the negligence of the defendant unmixed with any negligence of the plaintiff. In view of the extent of the plaintiff's injuries, and in view of the expert testimony that his capacity to labor and perform physical work, the kind of work for which he was trained, was impaired 30 per cent. for the balance of his life, and in view of the fact that the plaintiff lost considerable time, that his leg was rendered practically useless, that he was deformed, and that he has suffered and will continue to suffer pain, this court can not as a matter of law hold that such verdict was excessive or that it showed bias or prejudice on the part of the jury.

It appears from the allegations of the second count of the petition, as well as from the allegations of the first count which was stricken, that this case falls within the Federal employers' liability act, even though the second count, which was the count on which the case was tried, does not specifically allege that it was so brought, (see *Atlantic Coast Line R. Co.* v. *Frierson,* supra). The trial judge properly denied the defendant's petition to remove the case to the United States district court on the ground of diversity of citizenship, which petition was filed after the plaintiff's petition had been amended by the addition of the second count. No case arising under the Federal employers' liability act "and brought in any State court of competent jurisdiction shall be removed to any court of the United States." U. S. C. A. Title 45, § 56.

The evidence authorized the verdict and no error appears.

*Judgment affirmed. Sutton and Felton, JJ., concur.*