<em>Judgment affirmed.</em>

---

### 5117.   ATKINSON <em>et al.,</em> receivers, <em>v.</em> BULLARD, adm'x.

1. The question whether the person for whose homicide an action is brought against a railroad company was at the time of his death engaged in interstate commerce or intrastate commerce is a mixed question of law and fact.
2. In such a case it is permissible for the plaintiff to set forth the cause of action in two separate counts, alleging in one count the right to recover under the Federal law, upon the theory that the deceased was engaged in interstate commerce, and in the other count basing the right to recover on the State law, upon the theory that the deceased was engaged in intrastate commerce.

DECIDED DECEMBER 9, 1913.

Action for damages; from city court of Baxley—Judge Sellers. June 17, 1913.

<em>Bolling Whitfield, J. B. Moore,</em> for plaintiffs in error.

<em>Reuben R. Arnold,</em> contra.

POTTLE, J.   The plaintiff, as administratrix, brought an action against the receivers of the Atlanta, Birmingham & Atlantic Railroad Company for damages on account of the alleged tortious homicide of her intestate. The petition contained two counts. Each count stated the cause of action in substantially the same language, and in each instance the right to recover was based upon the same allegations of negligence. In the first count it was alleged that the plaintiff was entitled to recover under the act of Congress known as the "employer's liability act;" and in the second count the right to recover was based upon the law of Georgia. In each count it was alleged, that the decedent was a train-hand in the employment of the receivers, on a freight-train which ran between Brunswick and Fitzgerald, Georgia, and that while in the performance of his duties he was killed as a result of the negligent handling of the engine by the engineer. The receivers demurred, on the ground that the petition was inconsistent and duplicitous, and contained a misjoinder of causes of action, in that in the first count the plaintiff sought to recover the value of the life of the decedent to the plain-

tiff, upon the theory that at the time of the homicide he was engaged in interstate commerce, whereas in the second count she sought to recover the full value of his life, without any deduction for expenses, upon the theory that at the time of the homicide he was engaged in intrastate commerce. The defendants demurred to the allegation that the decedent gave the engineer a "slow-down" signal, upon the ground that the plaintiff failed to describe or define the "slow-down" signal referred to. There was also a special demurrer to paragraph 12 of the first count, in which it was alleged that the decedent contributed to the plaintiff all of his earnings except $10 per month, and that his life was of great value to her. The demurrers were overruled, and the defendants excepted.

One who sues for damages for a tortious homicide may set forth in two or more separate counts different accounts of the manner in which the decedent was killed, so as to meet anticipated variations in the proof which may be adduced at the trial. *Gainesville Ry. Co.* v. *Austin,* 127 *Ga.* 120 (56 S. E. 254).

In such a case each count must be complete in itself and set forth a cause of action, without the necessity of resorting to averments in any other count in the petition. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (38 S. E. 91). In the present case each count was complete in itself, and the only point made is that the plaintiff could not, in the same petition, base her right to recover upon both the Federal and the State law. It was not necessary for the plaintiff to affirmatively allege her right to recover under any particular law, either State or Federal. If her petition set forth facts which entitled her to recover under any law which the court had jurisdiction to apply, this was all that was necessary. *Southern Ry. Co.* v. *Ansley,* 8 *Ga. App.* 325 (68 S. E. 1086).

We know of no reason why a plaintiff suing a railroad company for damages for a tortious homicide can not allege in one count that the decedent was engaged in interstate commerce, and in another that he was engaged in intrastate commerce. Sometimes it may be doubtful whether the business in which a decedent was engaged was interstate or intrastate commerce. This is a mixed question of law and fact. It is permissible for a plaintiff to vary his allegations with respect to this matter, in order to anticipate the proof to be adduced on the subject. It is true that wherever the Federal law is applicable, it supersedes the State law; and both

of these laws can not be applied in one and the same case. It is also true that the liability under the two laws is different, and that they are in important particulars governed by different rules. For example, under the Federal law the plaintiff would be entitled to recover the value of the life of the decedent to those entitled to the recovery, and under the State law the full value of his life without any deduction for expenses. Under the Federal law the plaintiff could recover even though the decedent was guilty of contributory negligence and was more at fault than the defendant, provided the railroad company was also negligent. Under the State law the plaintiff could not recover if the negligence of the decedent was equal to or greater than that of the railroad company. Under the Federal law it is necessary for the plaintiff to affirmatively prove the negligence alleged, whereas under the State law she would be entitled to the benefit of the statutory presumption of negligence. See *Southern Ry. Co.* v. *Hill,* 139 *Ga.* 549 (77 S. E. 803); *L. & N. R. Co.* v. *Kemp,* 140 *Ga.* 657 (79 S. E. 558); *Walton* v. *G., F. & A. Ry. Co.,* 12 *Ga. App.* 106 (76 S. E. 1060); *Atkinson* v. *Swords,* 11 *Ga. App.* 167-171 (74 S. E. 1093). But all this is no reason why the plaintiff could not state her cause of action in two separate counts and claim the benefit of either law under which the proof might show she was entitled to recover. We do not think that on the trial of the case the court will encounter the difficulty suggested by the plaintiffs in error in dealing with the two counts. If the case is otherwise made out and the proof shows that the decedent was engaged in interstate commerce at the time of his death, the plaintiff will be entitled to recover under the Federal law for the full value of the life of the decedent to the persons entitled to the recovery, and the second count of the petition should be ignored. If, on the other hand, the proof should show that the decedent was engaged in intrastate commerce, the first count will be inapplicable to the proof, and the plaintiff will be entitled to recover the full value of the life of the decedent. There was no merit in the special demurrers. *Judgment affirmed.*