27410. ATLANTIC COAST LINE RAILROAD COMPANY
*v.* FRIERSON.

466

DECIDED JULY 12, 1939. REHEARING DENIED JULY 26, 1939.

*J. B. Copeland, Bennet, Bennet & Harrell,* for plaintiff in error.
*Jordan Johnson, Wilcox, Connell & Wilcox,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) There are only two propositions insisted on by the plaintiff in error. One is that it appears from the petition as amended that the plaintiff, when he received the injuries alleged, was engaged in interstate commerce and that whatever right to a recovery he may have is determinable by the Federal employer's liability act. The other is that it appears from the allegations of the petition as amended that the plaintiff, in using the motor car with knowledge that the brakes were defective as alleged, assumed the risk incident to the defective condition of the brakes, and that since the only negligence complained of as proximately causing the plaintiff's injuries is the alleged negligence of the defendant in furnishing the plaintiff with a motor car equipped with defective brakes, such negligence was not the proximate cause of the plaintiff's injuries.

■ It appears from the allegations of the petition as amended that the defendant was an interstate carrier, and, in the operation of its trains from Georgia into Florida, was engaged in interstate commerce. It also appears that the plaintiff was an employee of the defendant and that his duties were those of a "telephone main-

tainer," and that at the time of the receipt of the injuries complained of he was riding in and operating the motor car of the defendant and was engaged in the discharge of these duties. It appears that the defendant, for the purpose of facilitating the running and operation of its trains from one State to another, over the route over which the plaintiff at the time of his injury was traveling, owned, maintained, and operated a telephone line along its right of way; and that it was necessary for such telephone line to be inspected at frequent intervals, and to be kept in repair and proper operating condition for facilitating the operation of defendant's trains in interstate commerce. It also appears that the duty of the plaintiff as an employee of the defendant was to make inspections of this telephone line of the defendant, and in so doing to use the motor car furnished him by the defendant, and to drive and operate it over the defendant's tracks which ran from one State to another, and to stop and make repairs whenever and wherever he discovered that the line was in need of repairs.

The test, in determining whether a railroad employee is at the time of an injury engaged in interstate commerce and whether his right to recovery is determinable under the Federal employer's liability act, is laid down by the Supreme Court of the United States in Shanks v. Delaware &c. Ry. Co., 239 U. S. 556. It is whether the employee is "engaged in interstate transportation, or in work so closely related to it as to be practically a part of it." This test has been approved by the Supreme Court of the United States in subsequent decisions, among them being Chicago etc. R. Co. v. Harrington, 241 U. S. 177; Chicago etc. R. Co. v. Ind. Com., 284 U. S. 296; and also in L. & N. R. Co. v. Brittain, 93 Fed. (2d.) 159. In these cases it appeared that the particular duties performed by the employee did not relate to interstate transportation, nor were they so closely related to it as to be a part of such transportation. As illustrative: In the Shanks case it was held that the employee of a railroad company who worked in the machine shop operated by the company for the purpose of repairing locomotives used by the company in both interstate and intrastate transportation, while engaged in taking down and putting into a new location in the shop a portion of the machinery through which power was communicated to other portions of the machinery used in the repair work, was not engaged in interstate transportation

or in work so closely related to interstate transportation as to be a part of it. In the opinion in that case it is stated: "Shanks was not employed in interstate transportation or in repairing and keeping in a usable condition a roadbed, bridge, engine, car, or other instrument then in use in such transportation. What he was doing was altering the location of a fixture in a machine shop. The connection between the fixture and interstate transportation was remote at best, for the only function of the fixture was to communicate power to machinery used in repairing parts of engines some of which were used in such transportation. This, we think, demonstrates that the work in which Shanks was engaged, like that of the coal miner in the Yurkonis case, was too remote from interstate transportation to be practically a part of it, and therefore that he was not employed in interstate commerce within the meaning of the employer's liability act."

In Southern Pacific Co. *v.* Ind. Acc. Com., 251 U. S. 259, the rule in the Shanks case, and cases following it, was recognized and applied. In that case the injured employee of the railroad company was killed by an electric shock received while wiping insulators on a pole of a power line maintained and used by the railroad company in moving its cars engaged in both interstate and intrastate commerce. The court held that the employee was engaged in interstate transportation, and that the Federal employer's liability act, and not the State's workmen's compensation act, was applicable. The court, in its opinion stated: "Power is no less essential than tracks or bridges to the movement of cars. The accident under consideration occurred while deceased was wiping insulators actually supporting a wire which then carried electric power so intimately connected with the propulsion of cars that if it had been short-circuited through his body, they would have stopped instantly. Applying the suggested test, we think these circumstances suffice to show that his work was directly and immediately connected with interstate transportation, and an essential part of it." In Coal & Coke Ry. Co. *v.* Deal, (C. C. A.), 231 Fed. 604, it was held: "One engaged in employment necessary to the maintenance of any instrumentality essential to the successful operation of a road by a carrier engaged in interstate commerce is employed in interstate commerce under the Federal employer's liability act," and that "One who is injured while attempting to

erect a telegraph pole to support wires over which messages are to be sent in directing the operation of trains of a company engaged in interstate commerce is engaged in interstate commerce, within the meaning of the Federal employer's liability act." See also notes, 10 A. L. R. 1236 et seq.

Under the law as settled by the Supreme Court of the United States it clearly appears that the plaintiff, while engaged in traveling in the motor car along the tracks of the defendant, in the discharge of his duties to inspect and repair the defendant's telephone line which was used by it in directing the movement of its trains in interstate commerce, was at the time engaged in interstate transportation, or his duties were so closely connected with interstate transportation as to become a part of interstate transportation, and his right to recover of the defendant for injuries sustained by him is determinable under the Federal employer's liability act, and not under the laws of the State of Florida, in which the accident happened.

■ It appears from the facts alleged in the petition as amended, irrespective of the fact that the plaintiff predicates his right to recover on the State statute, that his rights are determinable under the Federal employer's liability act. This however does not render the petition as amended subject to general demurrer as not setting out a cause of action in that the plaintiff's rights are not determinable under the State statute, as alleged by the plaintiff. The plaintiff's right of action is determined by the facts alleged in the petition as amended under the law applicable under the facts as alleged. *Southern Ry. Co.* v. *Ansley,* 8 *Ga. App.* 325; *Atkinson* v. *Bullard,* 14 *Ga. App.* 69, 70. It appearing from the petition as amended that the applicable law for the determination of the plaintiff's rights is the Federal statute, and not the Florida statute, as alleged by the plaintiff, the petition as amended, if it otherwise sets out a cause of action, sets out a cause of action determinable under the Federal employer's liability act.

■ It appears from the allegations of the petition as amended that when the plaintiff complained to his superior, the agent and servant of the defendant, that the brakes on the motor car were defective, he was ordered by such agent and servant to use the car in such defective condition, with the assurance that the defect would be repaired. Under this state of facts the plaintiff, in using

the motor car with the brakes in the defective condition, did not necessarily assume the risks incidental to the defective condition of the brakes. It could be inferred that the defendant, in the assurance made to the plaintiff, itself assumed liability which might result from its negligence in furnishing to the plaintiff ·a motor car with brakes in a defective condition. *Bush* v. *West Yellow Pine Co.,* 2 *Ga. App.* 295, 298; *Shue* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 714; *Gray* v. *Garrison,* 49 *Ga. App.* 472 (4); *A. B. & C. Ry. Co.* v. *King,* 55 *Ga. App.* 1; Seaboard Air-Line R. Co. *v.* Horton, 239 U. S. 595 (60 L. ed. 458). It is immaterial that the plaintiff knew of the defective condition of the brakes and undertook himself to make temporary repairs thereto. It does not appear as a matter of law that the danger from the use by the plaintiff of the motor car with the defective brakes was so obvious that an ordinarily prudent person would not have used it.

Under the allegations of the petition as amended it appears that the defective condition of the brakes on the motor car, which rendered it impossible for the plaintiff to control the car and avoid the collision with the automobile which was crossing the defendant's tracks in front of the plaintiff, was the proximate cause of the injuries received by the plaintiff in the collision which caused the motor car to overturn and injure the plaintiff. Under the facts alleged it is a question of fact for the jury whether the negligence of the defendant in furnishing the plaintiff a motor car with defective brakes, or the negligence of the plaintiff, or that of the operator of the automobile, was the proximate cause of plaintiff's injuries.

The petition as amended set out a cause of action under the Federal employer's liability act, and the court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs specially.*