32199, 32200.  EDGE *et al. v.* DORSEY; and *vice versa.*

DECIDED NOVEMBER 20, 1948.

*Y. A. Henderson, John A. Gregory, John D. Edge, James Maddox*, for plaintiffs.

*Harbin M. King, C. C. Pittman*, for defendant.

SUTTON, C. J.   John D. Edge, J. A. Gregory, and James Maddox, attorneys at law, brought this action against J. D. Dorsey. The case has been here before, and the original pleadings are substantially set forth in the report of the case in 75 *Ga. App.* 388 (43 S. E. 2d, 425).   After the case was returned to the trial court, plaintiffs amended count 1 of the petition by striking paragraphs 1 and 2 thereof and by adding other allegations to the count.   Count 2 of the original petition has been abandoned. Count 1 as amended alleged:   On or about March 22, 1945, plaintiffs and defendant entered into an agreement whereby defendant employed plaintiffs as his attorneys at law to represent him in handling his suit against Echota Cotton Mills, under which agreement defendant would pay plaintiffs 50% of the amount he might

recover on a judgment against Echota Cotton Mills in Gordon Superior Court. On March 26, 1945, plaintiffs, in accordance with said agreement, filed suit for J. D. Dorsey against Echota Cotton Mills, seeking to recover $3,057.60. It was contemplated between the parties at the time of the agreement that Dorsey would appear in court and testify to the facts alleged in his petition, which in conversation and consultation with these plaintiffs, he represented to be true. Thereafter the case was set for trial at the August term, 1946, of said court, and Dorsey was notified and had full knowledge that the case was set for trial. When the case was called for trial, plaintiffs in the present case were present in court for the purpose of representing Dorsey in the suit against Echota Cotton Mills, but Dorsey wilfully and deliberately failed to appear in court to prosecute the case and testify therein. As a result of the failure of Dorsey to appear in court and testify to the facts alleged in the petition, the petition was dismissed. Dorsey was the only person by whom an alleged contract with Echota Cotton Mills, the basis of the action against said mills, could be proved. These plaintiffs were ready and willing to prosecute his suit to a conclusion, and the facts alleged in the petition were true, the same was a good cause of action, and Echota Cotton Mills was liable to Dorsey in the sum of $3,057.60, the amount for which suit was brought; and Echota Cotton Mills was solvent. The acts of Dorsey in wilfully and deliberately failing to appear and prosecute his case have damaged and injured plaintiffs in the sum of $1,528.80, for which they sue. The defendant filed general and special demurrers to the petition, and the same were overruled. The defendant in his answer denied the material allegations of the plaintiffs' petition and further alleged that, prior to the date set for trial, he had requested the plaintiffs to secure the depositions of Mrs. Nancy Pendley to be used on the trial of the case, also a certain little "blue" book, the property of defendant (which, according to the evidence, had been used as evidence in a case in the Federal court in Rome, Georgia, and was in the custody of that court), and he had insisted upon having the contract with plaintiffs reduced to writing, and plaintiffs had ample notice of these things, and wilfully and deliberately and with full knowledge that defendant would not appear for the trial unless these things were done, failed to do

these acts, and, in addition, under the contract he was not liable to plaintiffs except for a percentage of the amount recovered against Echota Cotton Mills, and nothing had been recovered.

On the trial evidence was submitted to sustain the allegations of the plaintiffs as to the contract of employment of them by the defendant, and that pursuant thereto they had prepared and filed Dorsey's suit against Echota Cotton Mills in Gordon Superior Court and that they were present and ready to try and prosecute that suit on the day it was set for trial; and one of the plaintiffs testified that if the facts in the petition in that case were true, a verdict would have been returned in favor of Dorsey. This witness also testified that the little "blue" book, referred to in the defendant's answer, was in the custody of the Federal court, in another case, and could not be returned until the time for an appeal of a case in that court had expired, but that the clerk of that court had withdrawn it from the files and had let him take it to Gordon Superior Court on the day the defendant's case against Echota Cotton Mills had been set for trial, but it did not appear that the defendant knew this. This witness testified that the depositions that the defendant had requested the plaintiffs to secure for use in the trial of the case against Echota Cotton Mills had not been taken and were not necessary, as Echota Cotton Mills had been served with a notice to produce pertinent records, which this witness said would be better evidence than could be secured by the depositions, the information being in regard to payment of pensions by the mills, but when the witness was asked what could have been done had Echota Cotton Mills failed to produce the records in court, the witness answered that he frankly did not know. The plaintiffs expected to rely largely on the testimony of Dorsey in the proof of the case, as it was by his testimony that they expected to show that the Echota Mills had agreed to pay him a pension. The contract of employment between the plaintiffs and the defendant was never reduced to writing, but plaintiffs' testimony indicates that the original agreement for fees in handling the defendant's case against Echota Cotton Mills had been for 1/3 of the amount recovered and 1/3 of all future amounts paid to him by said Mills, the suit being one to establish the right of Dorsey to receive a pension, and that this contract had been changed to 1/2

of the amount up to the time of a judgment. The defendant testified to the effect that, if anything was recovered in his case against Echota Cotton Mills, plaintiffs would get 1/3 and he would get 2/3; that "if they didn't collect, loss of suit," he would get nothing and they were to get nothing; that later on there was some discussion about a change of the contract, about May 14 (1946); that Mr. Gregory and Mr. Edge first told him they were giving up the pension case; that Mr. Gregory then said, "We want half of this other case, the pension case;" and that he had said, "Well, I don't think you boys ought to quit me;" that they had said Mr. Maddox was quitting him too; that on the next day, May 15, he went over to see Mr. Maddox and told him what had happened; and that Mr. Maddox had told him he was not quitting, that a contract was a contract to him, and all he wanted was 1/3; that he told him he wanted to get Mrs. Pendley's depositions and to get his "blue" book so that he could go into court; that he needed his "blue" book because it had all the information in it that he would testify about in the case; that he wanted depositions of Mrs. Pendley to show that the mills were pursuing a policy of paying pensions, and that she, and her husband were the only two people that he had ever carried pension checks to; that things "rocked along" for a while; that about July 14 he saw Edge and said to him "What was it you said to me the other day about wanting half of this pension that you collect?" and that Edge said "That's right;" that he then said "I want you to go over there and get Judge Maddox, want you to get John Gregory and I want you all to get me a contract for that, a written contract, so I'll know what you fellows will want." It appears from Dorsey's testimony that he told the plaintiffs to secure the depositions from Mrs. Pendley, secure his "blue" book for use at the trial, and reduce the contract of employment to writing, and indicated to them that he had no intention of permitting the case to come to trial until these things were done; and that he remained away from court on the day of the trial because it appeared to him that these things had not been done.

The jury returned a verdict in favor of the defendant. The plaintiffs made a motion for a new trial, which was overruled, and they except to that judgment. The defendant, in a cross-

bill, excepts to the judgment overruling the general and special demurrers to plaintiffs' petition.

■ In special ground 1 of the amended motion for a new trial error is assigned on the following charge of the court: "In passing upon their credibility, you may look to all the facts and circumstances of the case, you may consider the witnesses's manner of testifying on the witness stand, their interest or want of interest in the case, their means and opportunity for knowing the facts about which they testify, their prejudice or bias, if any exists, the reasonableness or unreasonableness of their testimony, and also the personal credibility of the witness in so far as the same may legitimately appear upon the trial of the case." It is contended that the court was giving in charge Code § 38-107, which deals with the preponderance of evidence, and not with the credibility of witnesses, and that it was confusing to the jury, and that in giving said charge the court failed to include the words "The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number," and that the plaintiffs had two witnesses on certan material issues where the defendant had only one witness, and that this omission tended to cause the jury to believe that they could believe one witness in preference to the unimpeached testimony of two other witnesses, although the preponderance is not necessarily with the greater number of witnesses. In the absence of a proper request, the court is not required to charge the jury the provisions of Code § 38-107, which specifies what the jury may consider in determining where the preponderance of the evidence lies (*Campbell* v. *Dysard Construction Co.*, 40 *Ga. App.* 328 (4), 149 S. E. 713, and citations) ; but if in charging on the preponderance of the evidence he undertakes to give the provisions of this Code section and fails to charge as to the number of witnesses, the same is error, where movant has the greater number of witnesses on material issues in the case. *Garner* v. *Wood*, 188 *Ga.* 463, 465 (3) (4 S. E. 2d, 137) ; *Renfroe* v. *Hamilton*, 193 *Ga.* 194 (2) (17 S. E. 2d, 709) ; *Gossett* v. *Wilder* 46 *Ga. App.* 651 (5) (168 S. E. 903), and citations. However, it is apparent from the charge of the court in the present case that the judge, after charging the jury as to the meaning and effect of the preponderance of evidence (Code, § 38-106), which in the absence of a request is

all that is required, had completed his charge on preponderance of evidence, and was then charging the jury on the credibility of witnesses when he gave the charge which is excepted to in this ground of the motion.   He told the jury in the first sentence of the charge excepted to that, "You are made by law the exclusive judges as to the credibility of witnesses."   See Code, § 38-1805. In these circumstances, the charge excepted to in the first ground of the amended motion is not error for any reason assigned. Compare *Quinton* v. *Peck,* 195 *Ga.* 299, 303 (3)  (24 S. E. 2d, 36).

■  Error is assigned in the second ground of the amended motion on the following charge of the court:   "I charge you gentlemen, that if you find by a preponderance of the evidence, and a preponderance of evidence meaning just what I have outlined to you, that it does mean, that the plaintiffs and the defendant entered into a contract as set out in the plaintiffs' petition, and if you further find that the defendant in this case breached that contract without just cause, then the plaintiffs would be entitled to a verdict at your hands.   If you find no such contract as claimed was entered into, or if you find that the defendant breached the contract but that he was justifiable in breaching the contract, then in that event the plaintiff would not be entitled to recover." It is contended that this charge was error as the jury nowhere was told what would be a sufficient justification on the part of the defendant for breaching the contract, and the court failed and omitted to explain or tell the jury in connection therewith what thing or conduct on the part of the plaintiffs would justify the defendant in breaching the contract, but left it to the jury to determine whether the defendant was justifiable in his actions. No error is shown by this ground of the motion.

■  There was evidence tending to show that the defendant had requested and insisted upon the plaintiffs securing the depositions of Mrs. Nancy Pendley to be used in the trial of his case against Echota Cotton Mills, which depositions would have been material and aided in proving his case against said cotton mills and that plaintiffs failed and refused to secure these depositions; and while it appears that defendant's little "blue" book was available for the trial, this fact was unknown to defendant, the plaintiffs having told him they could not get this book and that it was not necessary to have it at the trial; that the con-

tract of employment between plaintiffs and defendant was not reduced to writing and signed, despite the request and insistence of defendant that this be done and the promise on the part of plaintiffs to do so; and that the defendant had told the plaintiffs that he could not and would not go to trial without the depositions of Mrs. Pendley and his little "blue" book, and that the contract between them as to the attorney fee would have to be reduced to writing and signed by the parties; that these things would have to be attended to, or there would be no trial of the case. Under all the facts and circumstances of this case, the jury was authorized to find in favor of the defendant, and the trial court did not err in overruling plaintiff's motion for a new trial.

In view of the above rulings, it is not necessary to pass on the cross-bill and the same is dismissed.

*Judgment affirmed on the main bill, and the cross-bill is dismissed. Felton and Parker, JJ., concur.*