COGGINS *v.* EDMONDS.

No. 17961. Argued September 8, 1952—Decided October 15, 1952—
Rehearing denied November 13, 1952.

*J. V. Poole*, for plaintiff in error.

*W. L. Nix*, contra.

WYATT, Justice.  When the case came on for trial, counsel for the defendant moved that the defense of settlement be tried before any other issue.  Counsel for the petitioner objected on the grounds that there was no special plea involved in the case, and that the defendant's averment as to a settlement was part of his general answer and he could not try it before a special jury.  The fifth special ground of the amended motion for new trial complains that the court erred in allowing the plea of settlement to be tried separately before a special jury.

"In all cases demurrer, pleas, and answer shall be disposed of in the order named." Code, § 81-1002. In *Gamble* v. *Gamble*, 204 *Ga.* 82 (2) (48 S. E. 2d, 540), it was held: "The trial court did not err in granting a motion of the defendants, that the defense of res judicata be tried before any other issue." By analogy the same principle would apply where a plea of settlement was contained as a part of the defendant's general answer, and, accordingly, the trial court did not err in granting a motion of the defendant that the defense of settlement be tried before any other issue.

■ The second and sixth special grounds complain that the court erred in directing a verdict for the defendant, because there was a conflict in the evidence as to the alleged settlement which should have been submitted to the jury.

"A compromise or mutual accord and satisfaction is binding on both parties." Code, § 20-1205.

The evidence, as disclosed by the foregoing statement of facts, showing the petitioner admitted that he had signed a paper which constituted a definite, certain, and unambiguous settlement of a prior suit involving the identical oral contract that is relied upon in this litigation, and that after obtaining the consent of counsel who represented him in the prior suit, he had paid the costs, and dismissed the prior suit, the trial court did not err in directing a verdict for the defendant. Code, § 110-104; *Kapiloff* v. *Askin Stores*, 202 *Ga.* 292 (42 S. E. 2d, 724), and cases cited.

In the light of the above rulings, it becomes unnecessary to pass upon other assignments of error.

*Judgment affirmed. All the Justices concur.*