38753.  WILSON v. TUMLIN.

DECIDED APRIL 25, 1961—REHEARING DENIED MAY 10, 1961.

*Jean E. Johnson, Sr.*, for plaintiff in error.
*Claud M. Hicks, G. Robert Howard*, contra.

JORDAN, Judge.  ■ Paragraph 5 of the defendant's answer

alleged the following: "By way of further answer the defendant shows that he entered into a construction contract with the said Tagenais, for an amount certain, and that all money due said Tagenais Construction, for weeks [sic] has been paid him and that your defendant is not liable to the plaintiff in any amount." The plaintiff demurred specially to this paragraph and moved that it be stricken on the ground that it was insufficient in law to set out a plea of payment in that it did not allege the time, manner and person to whom payment was made. " 'A plea of payment which fails to allege with reasonable certainty when, how, and to whom the payment was made is insufficient, and, unless amended, should be stricken, upon demurrer, timely filed, specifically pointing out these defects.' [Citing cases]." *Williford v. Phillips*, 49 Ga. App. 223 (174 S. E. 641). Accordingly, the defendant having failed to amend within the time allowed, the trial court did not err in striking paragraph 5 of the defendant's answer.

■ "Where a special demurrer to a petition is sustained, with leave to amend, and there is a failure to do so, the petition should be dismissed if the delinquency relates to the entire cause of action. But if the demurrer goes only to some particular part of the petition, without which a valid cause of action would still be set forth, the proper judgment is to strike the *defective portion* and not dismiss the entire action. [Citing cases]." *Sellers v. City of Summerville*, 88 Ga. App. 109, 114 (76 S. E. 2d 99). While paragraph 5 of the defendant's answer, which was included in his answer by way of further answer and plea, constituted the defendant's entire affirmative defense to the action, that is, prior payment to the contractor in settlement of the claim, paragraphs 2 and 3 of his answer by way of denial denied certain material allegations of the plaintiff's petition and thus created an issue of fact thereto. Accordingly, the trial court erred in striking the answer in its entirety.

■ The trial court having erred in striking the defendant's answer in its entirety, the subsequent proceedings on the motion for summary judgment were rendered nugatory and it is not necessary to consider the assignment of error thereon.

*Judgment affirmed in part and reversed in part. Townsend, P. J., Carlisle and Frankum, JJ., concur.*