39462. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY v. CHAPMAN.

Frankum, Judge. 1. It is well settled that a provision in an insurance contract that the "policy shall be incontestable after it has been in force during the lifetime of the insured for a period of one year from the date of issue, except for nonpayment of premiums" is a valid, enforceable provision which operates to prevent an insurer, after the policy has been in force for a period of one year, from pleading facts to show the insurance contract as being invalid or void, except for the specified condition, and upon the happening of

the event insured against, the insurer is liable to the insured in accordance with the terms of the contract. *Riley v. Industrial Life &c. Ins. Co.,* 190 Ga. 891 (11 SE2d 20); *Massachusetts Ben. Life Assn. v. Robinson,* 104 Ga. 256 (30 SE 918); *Penn Mut. Life Ins. Co. v. Childs,* 65 Ga. App. 468 (16 SE2d 103); *Guaranty Life Ins. Co. v. Johnson,* 46 Ga. App. 13 (166 SE 422). But such provision does not mean that the insurer cannot contest whether a hazard insured against has or has not occurred, or whether a hazard is or is not within the scope of the risks covered by the policy. Washington Nat. Ins. Co. v. Burch, 270 F2d 300; Sanders v. Jefferson Standard Life Ins. Co., 10 F2d 143. And such legal principle was recognized by the Supreme Court in *Riley v. Industrial Life &c. Ins. Co.,* 190 Ga. 891, supra. See also *Hollis v. Travelers Ins. Co.,* 49 Ga. App. 274 (175 SE 33).

Accordingly, in an action by an insured against an insurer, it was error for the court to sustain a general demurrer to the answer and plea of the insurer which alleged that the insured's disability, the basis of his suit, did not come within the meaning of the risks insured against in the policy sued upon, which contains the above quoted "incontestable clause," and the court, after having sustained the general demurrer to the insurer's answer, also erred in directing a verdict for the insured. The trial court having erred in sustaining the general demurrer to the defendant's answer, the subsequent proceedings in the case were rendered nugatory. *Wilson v. Tumlin,* 103 Ga. App. 654 (120 SE2d 196).

The policy in the instant case obligates the insurer to pay the insured certain benefits for "losses . . . solely as a result of disease contracted after, or injuries sustained after the date of issue, and [the insured] has survived such loss for at least thirty days, and total and permanent disability, shall be deemed to exist, whereupon the company, . . . will provide the benefits," and while the insurer's answer does not refer to a specific disease suffered by the insured which it contends pre-existed the issuance of the policy, paragraph 1 of the insured's petition alleges: "That the defendant did issue to your petitioner a policy of insurance, dated December 20, 1954, Policy No. 5451 427 044, amount of insurance under said policy $750.00, a copy of said policy is hereto attached, marked Exhibit A, . . . as is fully set forth in

the within petition." The exhibit attached to the petition contains a written application for the policy in question. Paragraph 1 of the petition is admitted by the insurer, and the policy attached as an exhibit to the petition became a part of the answer. *Dell v. Kugel,* 99 Ga. App. 551 (14) (109 SE2d 532). Where an application for an insurance policy is attached to the policy, it becomes part of the insurance contract. *Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549 (101 SE2d 120), affirmed 213 Ga. 904 (102 SE2d 494). The insured's suit was filed more than one year after the policy was issued, at a time when the policy had become incontestable. Therefore, the insurer would be estopped to assert as a defense that the insured's claim for benefits under the policy resulted from a disease contracted by him prior to the date the policy was issued, if the disease was one of those listed upon the application which the insured stated that he had never had. See *Riley v. Industrial Life &c. Ins. Co.,* 190 Ga. 891, supra; *Equitable Life Assur. Soc. v. Florence,* 47 Ga. App. 711, 716 (171 SE 317); Blackwell v. United Ins. Co. of America, 231 S.C. 535 (99 SE2d 414).

2. The insurer also insists that its general demurrer to the petition should have been sustained. However, we are of the opinion that the petition, as amended, sets forth a cause of action. This assignment of error is without merit.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 18, 1962—REHEARING DENIED JULY 10, AND JULY 24, 1962.

*Robert D. Tisinger,* for plaintiff in error.
*Shirley C. Boykin, William P. Johnson,* contra.