40314.   GEORGIA, SOUTHERN & FLORIDA RAILWAY
COMPANY v. MEEKS.

DECIDED DECEMBER 3, 1963—
REHEARING DENIED DECEMBER 20, 1963.

*Bloch, Hall, Groover & Hawkins, Steve F. Mitchell,* for plaintiff in error.

*Lewis, Lewis, Whaley & Cagle, T. J. Lewis, Jr., Seymour Owens,* contra.

JORDAN, Judge. Liability under the Federal Employers' Liability Act arises from negligence, not from injury, and such negligence must be the cause of the injury. Brady v. Southern R. Co., 320 US 476 (64 SC 232, 88 LE 239); Tiller v. Atlantic C.L.R. Co., 318 US 54, 67 (63 SC 444, 87 LE 610). To recover under this Act it is incumbent for the plaintiff to affirmatively prove that the defendant was negligent and that such negligence was the proximate cause, in whole or in part, of the injury; and liability cannot be predicated on mere speculation. Tennant v. Peoria &c. R. Co., 321 US 29 (64 SC 409, 88 LE 520).

The rule governing the duty of the trial court on a motion for a directed verdict or a judgment notwithstanding the verdict in actions under the Federal Employers' Liability Act has been defined by the United States Supreme Court as follows: "When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by nonsuit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. By such direction of the trial the result is saved from the mischance of speculation over legally unfounded claims." Brady v. Southern R. Co., 320 US 476, 479, supra; Patton v. Texas &c. R. Co., 179 US 658 (21 SC 275, 45 LE 361).

It is not, however, the function of the trial court in an action under the FELA to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences and courts are not free to reweigh the evidence and set aside a jury verdict merely because the jury could have drawn different inferences or conclusions or because judges

feel that other results are more reasonable. Gallick v. Baltimore & O. R. Co., 372 US 108 (83 SC 659, 9 LE2d 618); Webb v. Illinois Central R. Co., 352 US 512 (77 SC 451, 1 LE2d 503). But there is still room for "judicial appraisal as to the sufficiency of evidence to support a jury verdict." Shea v. N. Y., N. H. & Hartford R. Co., 316 F2d 838, 840. Inman v. Baltimore & O. R. Co., 361 US 138 (80 SC 242, 4 LE2d 198); Herdman v. Pennsylvania R. Co., 352 US 518 (77 SC 455, 1 LE2d 508). The jury should not be permitted to speculate as to the cause of a personal injury, and the case must be withdrawn from its consideration unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the defendant. Atchison T. & S. F. R. Co. v. Toops, 281 US 351 (50 SC 281, 74 LE 896). The essential requirement in determining whether the evidence is sufficient for the jury is that mere speculation should not be allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked. Tennant v. Peoria &c. R. Co., 321 US 29, supra.

With these general principles in view, we will now consider the primary contentions of the defendant that the evidence adduced on the trial of the case was insufficient to show that the railroad breached any legal duty which it owed to the plaintiff or that the injuries allegedly sustained by the plaintiff were proximately caused, in whole or in part, by any negligence on the part of the railroad; and that the trial court erred in denying the defendant's motion for judgment notwithstanding the verdict.

■ With reference to count 1 of the petition, the evidence disclosed that the defendant's train was being operated at a lawful speed as it approached the industrial side track at the Tifton Concrete Pipe Company and that the engineer began a normal deceleration of the engine, preparatory to stopping for the switching operation to be performed there; and there is no evidence which showed, directly or by inference, that the plaintiff was required to disembark from the train at any particular point before it came to a halt, or that the train was required to be traveling at any specific speed during deceleration, and before coming to a complete stop. Conversely, the plaintiff testified

that the decision as to when and at what speed to drop from the train was entirely his own. "It's just a question of watching the movement of the ground. Whether or not it is a safe speed to get off the engine is a question of judgment and of watching the movement of the ground. When you are on the side of the train, you have to use your judgment. I have had eight and a half years' experience. Based on my experience I had had in that area before, I decided it was safe to drop off. I say I had to run forty feet [to keep balance after jumping]." The plaintiff also testified: "Whatever speed the train was traveling, the only person who makes the decision is the person getting off. I was the person that made it on this day."

Under this testimony of the plaintiff which disclosed that the decision as to when and where to drop off the engine was entirely his, and in the absence of any evidence to show that the plaintiff stumbled or otherwise lost his balance due to the condition of the roadbed after jumping, a finding was demanded that the railroad did not breach any legal duty which it owed the plaintiff in connection with his disembarking from the train, and consequently, no negligence is shown by the proof submitted in support of the allegations of count 1 of the petition.

In regard to Count 2, the plaintiff testified that if the derailer had been working properly, he could have turned the lever with one hand, but that as a result of its improper maintenance, the lever was difficult to turn, and required the use of both hands to turn it; and in connection with count 3 the substance of the plaintiff's testimony was that the ground level of the area in which the cement car was spotted or placed had been built up by the accumulation of cement spilled in unloading cars and this resulted in his having to get into a more awkward position to chock the wheel of the car than would have been required if the area had been clear of said waste material. It is contended that the railroad had knowledge of these dangerous conditions, and thus breached the duty which it owed the plaintiff to provide him with a safe place to work and with safe appliances with which to work.

Upon a review of the evidence adduced in support of these counts of the petition and of applicable decisional law, it is our

opinion that the evidence was insufficient to authorize a jury to find that the railroad was negligent in these instances. In so ruling we are of course assuming that the evidence did show that the conditions described by the plaintiff existed and that the railroad had knowledge of them, and we have otherwise considered the evidence in the light most favorable to the plaintiff.

As stated by the United States Supreme Court in a very recent decision: "Reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence." Gallick v. Baltimore & O. R. Co., 372 US 108, supra, and cases therein cited. The failure to guard against the bare possibility of injury is not actionable negligence. "Bare possibility is not sufficient. Milwaukee & St. P. R. Co. v. Kellogg, 94 US 469, at 475 [24 LE 235]: 'But it is generally held, that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances.' Events too remote to require reasonable prevision need not be anticipated." Brady v. Southern R. Co., 320 US 476, 483, supra. Applying these principles of law to the facts of this case, the conclusion is inescapable that knowledge on the part of the defendant that one of its switchmen would have to use two hands instead of one to turn a lever on a switch or derailer, or would have to stoop or squat down in a more awkward position to chock a wheel because of the slightly raised level of the ground due to waste spillage, would raise nothing more than a bare possibility of harm to such employee which it would be under no legal duty to guard against. As was stated in Spencer v. Atchison, T. & S. F. R. Co., 92 Cal. App. 2d 490, 496 (207 P2d 126): "Manifestly defendant had no reason to anticipate that because the spring switch was harder to throw than a rigid switch, the use of the spring switch would result in an injury to an employee throwing the switch. Defendant was not negligent in failing to foresee such possible injury." And see Lowden v. Bowen, 199 Okla. 180 (183 P2d 980) in which it was held that negligence was not proved because a flat car pushed by the plaintiff was

worn and harder to push than other flat cars in better condition. And see Atlantic C. L. R. Co. v. Collins, 235 F2d 805, 808, in which the court stated that evidence that the plaintiff's back injury was caused by exertion in operating a defective switch which was harder to operate than similar switches, "taken in the light most favorable to the plaintiff may give rise to the speculation whether the injury was due to a defective switch of the railroad company or to the defective back of the man; but speculation is not enough."

In so ruling, we recognize that over-exertion resulting in serious casualties is something which can as well be foreseen as many other occurrences and is something which an employer must take reasonable steps to guard against; and under proper circumstances, a jury question may be presented as to whether or not the performance of a task was so likely to result in injury from over-exertion to the workman, that a prudent employer would not have allowed the same to be performed without taking steps to guard against the possibility of injury. See Stewart v. Baltimore & O. R. Co., 137 F2d 527. But, as was pointed out in the Stewart case, at page 529: "Doubtless an employee cannot recover damages for every harm he may suffer through failure of his employer to provide him with the best sort of appliance unless the situation is such that the chance of injury can be reasonably foreseen."

The likelihood of injury to the plaintiff in this case resulting from the performance of his required duties under the conditions present was so negligible that the same could not be reasonably foreseen; and consequently, the defendant did not fail in any legal duty it owed the plaintiff under the circumstances of this case. A verdict was therefore demanded that the defendant was not negligent as contended in the three counts of the plaintiff's petition; and it was error for the trial court to deny the defendant's motion for a judgment notwithstanding the verdict.

■ Assuming for the sake of argument only, however, that a finding was authorized that the defendant railroad was negligent in at least one of the particulars charged in the petition, there is still another reason which impels the conclusion that the plaintiff failed to carry the burden of proof in this case.

"[P]roof of negligence alone does not entitle the plaintiff to recover under the Federal Employers' Liability Act. The negligence complained of must be the cause of the injury. The jury may not be permitted to speculate as to its cause, and the case must be withdrawn from its consideration, unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the employer." Atchison, T. & S. F. R. Co. v. Toops, 281 US 351, 354, supra; Northwestern Pac. R. Co. v. Bobo, 290 US 499 (54 SC 263, 78 LE 462); Brady v. Southern R. Co., 320 US 476, supra; Fort Worth & Denver City R. Co. v. Smith, 206 F2d 667, 670.

The plaintiff testified that he did not know which one of the three incidents set forth in his petition caused his back injury but that he knew that one of the three was responsible for the same. This conclusion, however, was unsupported by any evidence which directly showed that any one of the three occurrences specifically caused or contributed to the injury; nor was there any evidence which tended to discount the possiblity that the injury was caused when he bent down to uncouple or recouple the railroad cars; and under the medical testimony in this case, said activity could just as well have effected the plaintiff's back pain as that complained of in the petition. There were no probative facts from which the jury could reasonably infer that the plaintiff's back injury resulted from the activity relied on in any one of the three counts of the petition as opposed to the others, or as opposed to the other duties performed by the plaintiff in the switching operation.

Under these circumstances the jury could do no more than guess or speculate as to the immediate cause of the plaintiff's injuries, and such evidence is insufficient to support a verdict. *Ladson Motor Co. v. Croft*, 212 Ga. 275, 277 (92 SE2d 103). As stated in *Georgia R. &c. Co. v. Harris*, 1 Ga. App. 714, 717 (57 SE 1076): "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support

that conclusion, but also render less probable all inconsistent conclusions."

Under the Federal civil procedure, the law is stated thusly: "Alternative possibilities as to the cause of an event are not enough where the defendant is liable under one and not under the others and where no basis for a rational choice among the alternatives is provided. They invite sheer conjecture and speculation and hence raise no question for the jury." Ralston Purina Co. v. Edmunds, 241 F2d 164, 167. And in an action under the Federal Employers' Liability Act, "The essential requirement is that mere speculation be not allowed to do duty for probative facts, after making due allowance for all reasonably possible inferences favoring the party whose case is attacked." Galloway v. United States, 319 US 372, 395 (63 SC 1077, 87 LE 1458); Tennant v. Peoria &c. R. Co., 321 US 29, 32, supra.

■ Under any view of this case the plaintiff failed to carry his burden of proof that the injuries sustained by him were proximately caused, in whole or in part, by an act of negligence of the defendant railroad, and this being an essential requirement under the FELA, a verdict was demanded for the defendant. The trial court erred therefore in denying the defendant's motion for judgment notwithstanding the verdict, and that judgment must be reversed. It is not necessary to consider the assignments of error on the denial of the amended motion for new trial.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*