41341. SOUTHERN RAILWAY COMPANY
v. SMALLEY.

Argued June 7, 1965—Decided September 23, 1965—
Rehearing denied October 19, 1965.

*Scott S. Edwards, Jr., Matthews, Maddox, Walton & Smith,*
for plaintiff in error.

*Jean E. Johnson, Sr., T. J. Lewis, Jr.,* contra.

JORDAN, Judge. 1. The trial court did not err in overruling the grounds of special demurrer to the petition of which complaint is made by the defendant. The allegations of the petition which was thrice amended in response to the defendant's demurrers were sufficiently definite to apprise the defendant of the plaintiff's contentions and to enable it to prepare its defense, and it was not necessary for the plaintiff to plead evidence in support of his allegations of ultimate fact. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Tanner v. National Cas. Co.,* 214 Ga. 705 (1b) (107 SE2d 182).

2. (a) Before the Federal Employers' Liability Act is applicable to a suit for damages brought by a railroad employee against his employer, it is essential not only that the plaintiff was an employee of the defendant railroad engaged in the furtherance of interstate commerce but that such employee was engaged in activities incident to or an integral part of his employment at the time of the injury complained of. Quirk v. New York, C. & St. L. R. Co., 189 F2d 97; Atchison, T. & S. F. R. Co. v. Wottle, 193 F2d 628; Baum v. Baltimore & Ohio R. Co., 256 F2d 753.

As stated in the Wottle case, supra, the Federal Employers' Liability Act covers only those acts which are necessarily incidental to actual work performed in interstate commerce, such as going to and from the actual place of work after reporting for duty, and temporary departure from the line or course of duty, but does not cover activities not necessarily incident to or an integral part of employment in interstate commerce, such as those undertaken for a private purpose and having no causal relationship with employment.

In this case the United States Court of Appeals, Tenth Circuit, held that where a section hand who lived in a bunk house maintained by the railroad on a main railroad line and who provided

his own food and bedding, about an hour after quitting time, left the bunk house in his automobile to procure bedding and groceries for use in the bunk house, and his automobile was struck by an engine while crossing tracks of the main line, the employee's mission was unrelated to employment and the injury was not sustained in commerce, and the railroad was accordingly not liable under the Federal Employers' Liability Act. Likewise, in the Quirk and Baum cases, supra, it was held that an employee who is injured while engaging in a personal mission unconnected with his employment during off-duty hours is not within the scope of the Federal Employers' Liability Act.

It is thus clear from these decisions that the defendant railroad in this case had the right to assert and prove that the Federal Employers' Liability Act was not applicable here for the reasons alleged in paragraph 21(c) of its original answer, in which it was alleged that the plaintiff at the time he was injured was not on duty with the defendant and was not engaged in any act, duty, service or work of or for the defendant or which was a necessary incident of his work for defendant or imposed upon him by his employment, and was not acting within the course or scope of his employment. This being true, the defendant railroad also had the right to set up as a complete bar to this action the applicable statute of limitation of this State, and the contributory negligence law of South Carolina, the State where the accident occurred, conditional upon proof of the non-applicability of the Federal Employers' Liability Act which of course prohibits these defenses.

The trial court erred therefore in sustaining the plaintiff's demurrers to paragraph 22 of the defendant's original answer in which these conditional defenses were set up; and such erroneous judgment not only deprived the defendant of the right to prove substantial defenses to this action, including the absolute bar of the statute of limitation, but also deprived the defendant of the right to have its plea of the bar of the statute of limitation tried before the issue of liability, in which event the question of the applicability of the Federal Employers' Liability Act could be ascertained separate and apart from the question of negligence, thereby greatly simplifying the deter-

mination of the issues in this case. *Coggins v. Edmonds,* 209 Ga. 381 (73 SE2d 199); *Gamble v. Gamble,* 204 Ga. 82 (2) (48 SE2d 540); *Code Ann.* § 81-1002.

(b) The original error of the trial court in striking these defenses was sufficient in itself to render the subsequent trial of this case nugatory (*Wilson v. Tumlin,* 103 Ga. App. 654 (120 SE2d 196); *National Life & Acc. Ins. Co. v. Chapman,* 106 Ga. App. 375 (127 SE2d 157)); however, after the introduction of evidence, the defendant moved to amend its answer and reinstate these defenses, and the trial court compounded its original error by denying this motion. The necessary effect of this second ruling was, (1) that the defendant had no right to assert the inapplicability of the Federal Employers' Liability Act or, (2) that the evidence demanded a finding as a matter of law that the Federal Employers' Liability Act was applicable to this suit. In either event, the ruling was erroneous, as the issue of whether or not the plaintiff was engaged in the course of his employment at the time of injury was clearly a question for the jury under the record before the court at the time of the second ruling.

The jury was authorized to find that the plaintiff went off duty at 1:15 p.m. on the day of the occurrence complained of; that he was not to report back to work until 7 a.m. on the following day; that during his off-duty hours, his time was his own and that he was not "on call," that he could return to his home or go anywhere he pleased (the evidence showed that several members of the train crew did return to their homes to spend the night), the only requirement being that he report to work at 7 the following morning; that arrangements were made for those members of the crew who wanted to spend the night in Westminster to stay at a boarding house, and that the plaintiff had indicated his intention to stay there; that plaintiff, after going off duty, went to town, that he met an outsider at a drive-in in the early afternoon, that he and several fellow crew members and the outsider got together about 4:00 p.m. and entered a caboose for the purpose of playing poker; that it was against company rules for the plaintiff, an engineer, to enter the caboose for any purposes, whether to work or to

rest and recuperate, the use of the caboose being limited to "trainmen" (conductor, flagman and brakeman); that the game lasted about two hours; that after the poker game, the other players left and the plaintiff lay down on a bunk to take a nap; that about an hour later, the plaintiff was discovered afire in the caboose; that a pint whiskey bottle with a little whiskey in it, was found in the caboose after the fire, that when the plaintiff arrived at the hospital he had alcohol on his breath and was intoxicated in the opinion of the examining doctors, and that a blood test showed that the plaintiff was under the influence of alcohol "to a considerable degree" at the time the sample was taken at 9:30 p.m., and would have been more so earlier.

Under the evidence, a finding was clearly authorized that the plaintiff, while on his own time, returned to the railroad yards on a purely personal mission to drink and play poker, and that he was wrongfully on railroad property and was not engaged in the course of his employment at the time of his injury. Atchison, T. & S. F. R. Co. v. Wottle, 193 F2d 628, supra.

The plaintiff on the other hand introduced conflicting evidence showing that the defendant provided this caboose both as a place for conducting business of the defendant and as a place to be used by its employees in outlying points to rest and recuperate to better prepare themselves for their next work assignments, that by custom engineers were allowed to use this facility as well as other employees, and that the plaintiff had gone into the caboose for the purpose of resting and recuperating and had not drunk any intoxicating beverages there. The plaintiff also contended that he was subject to call on an emergency basis, and that it was to the defendant's convenience and benefit for him to remain overnight in Westminster.

If the jury accepted the plaintiff's contentions in this matter, then under the decisions of the Federal courts in such cases as Mostyn v. Delaware, L. & W. R. Co., 160 F2d 15; Casso v. Pennsylvania R. Co., 219 F2d 303; and Carney v. Pittsburgh & Lake Erie R. Co., 316 F2d 277, a finding was authorized that the plaintiff was engaged in the course of his employment at the time of his injury and that the Federal Employers' Liability

Act was applicable to this action. The court in the Mostyn case, supra, while recognizing the rule that any activity undertaken by an employee for a private purpose is not within his employment under the Federal Employers' Liability Act, held that when a railroad provides shelter, or food, or both, for its employees and they are using the accommodations so provided to prepare themselves for their work, or to rest and recuperate, they must be regarded as in "the employ" of the railroad within the Federal Employers' Liability Act.

Clearly, however, the defendant railroad had the right to put in issue by its pleadings the question of the applicability of the Federal Employers' Liability Act to this action and, under the conflicting evidence in this case, the determination of this issue was one of fact for the jury and not one of law for the court. The trial court erred therefore, both in its original order sustaining the demurrers to paragraph 22 of the defendant's answer which contained valid defenses to this action if the Federal Employers' Liability Act was found to be inapplicable here, and in its subsequent order refusing to allow the defendant to amend its answer and reinstate these defenses.

3. Under recent decisions of the United States Supreme Court in such cases as Rogers v. Missouri Pacific R. Co., 352 U.S. 500 (77 SC 443, 1 LE2d 493); Webb v. Illinois Central R. Co., 352 U.S. 512 (77 SC 451, 1 LE2d 503); Gallick v. Baltimore & O. R. Co., 372 U.S. 108 (83 SC 659, 9 LE2d 618); and Meeks v. Georgia, Sou. & F. R. Co., 377 U.S. 405 (84 SC 1628, 12 LE2d 495), reversing *Georgia Sou. & F. R. Co. v. Meeks*, 108 Ga. App. 808 (134 SE2d 555), it cannot be said that a verdict for the defendant railroad was demanded by the evidence on the issues of negligence and proximate cause; and the trial court did not err in denying its motion for judgment notwithstanding the verdict.

4. Since this case is being reversed on other grounds and must be tried again, it is unnecessary to consider the assignment of error on the denial of the defendant's amended motion for new trial. However, we have reviewed the special grounds of the amended motion and find that the trial court erred as contended in special ground 4 in its charge on the Federal Employers'

Liability Act since such charge was apparently given under the erroneous impression that said Act was applicable to this suit as a matter of law and likely conveyed that impression to the jury.

The trial court also erred as contended in special ground 5 in failing to include in its instructions on determining the preponderance of evidence under *Code* § 38-107 the fact that the jury could consider the intelligence of the witnesses and the number of witnesses testifying on a material issue. *Edge v. Dorsey,* 78 Ga. App. 70, 74 (50 SE2d 227); *Garner v. Wood,* 188 Ga. 463 (4 SE2d 137); *Tucker v. Talmadge,* 186 Ga. 798 (6) (198 SE 726). While such omission standing alone is not always reversible error, the better practice is to charge the entire Code section. *Fountain v. McCallum,* 194 Ga. 269 (12) (21 SE2d 610); *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601 (106 SE2d 535); *Southern R. System v. Yancey,* 102 Ga. App. 159 (115 SE2d 693).

The remaining special grounds are without merit.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Deen, J., concur.*

### On Motion for Rehearing.

It is contended by the plaintiff on motion for rehearing that this court, in holding that the trial court erred in striking the defendant's plea of the Georgia statute of limitation and the contributory negligence law of South Carolina, overlooked the fact that "the exclusive remedy afforded an injured railroad worker is the Federal Employers' Liability Act," and that in an action to recover under the provisions of that Act, the Federal law furnishes the sole and exclusive measure of the rights and liabilities of the parties and supersedes and prohibits rights and defenses arising under State law.

This argument is based on an erroneous assumption of law and is without merit. The Federal Employers' Liability Act is not "the exclusive remedy afforded an injured railroad worker." Recovery may be had in a proper case under State law or common law principles where the Federal Employers' Liability Act is found to be inapplicable because of the absence of facts essential to bring the case within the purview of the Federal Act;

that is, when it is not established that the employee was injured while engaged in the furtherance of interstate commerce and while acting within the scope of his employment. This is clearly recognized by the decisions of the United States Supreme Court in the cases of Wabash R. Co. v. Hayes, 234 U.S. 86 (34 SC 729, 58 LE 1226) and Boston & Maine R. Co. v. Armburg, 285 U.S. 234 (52 SC 336, 76 LE 729).

Thus, while this Act where applicable does supersede State law and furnishes the sole measure of the rights and liabilities of the parties, it "does not supersede the common and statutory law of the several States to such an extent that an employee of an interstate carrier must recover under that Act or not at all, whether within the terms of the Federal Act or not," 35 Am. Jur. 878, Master & Servant, § 461. A petition stating a good cause of action under the Federal Employers' Liability Act may, when the cause of action fails for want of proof of some fact essential to bring the claim within the Federal Employers' Liability Act, be treated as affording a basis for a recovery under the State law if the plaintiff has made out a good cause of action thereunder. Wabash R. Co. v. Hayes, 234 U.S. 86, supra; Jenkins v. Southern R.-Carolina Div., 152 S.C. 386 (150 SE 128, 66 ALR 416); Atkinson v. Bullard, 14 Ga. App. 69 (80 SE 220); Atlantic C. L. R. Co. v. Frierson, 60 Ga. App. 465 (4 SE2d 131).

As pointed out in 35 Am. Jur. 878, Master & Servant, § 461, it is held in some States that a plaintiff who has alleged facts giving rise to a good cause of action under both the Federal Employers' Liability Act and State law, must make an election as to which he shall attempt to prove, but such is not the law in this State. Under Georgia practice, recovery is had under the law applicable to the facts proved, whether it be State or Federal, and it is not necessary "for the plaintiff to affirmatively allege her right to recover under any particular law, either State or Federal. If her petition set forth facts which entitled her to recover under any law which the court had jurisdiction to apply, this was all that was necessary." Atkinson v. Bullard, 14 Ga. App. 69, 70, supra.

This court did not overlook the established principle that

480

the Federal Act *where applicable* supersedes State law. It was specifically recognized in the original opinion that defenses arising under State law are nullified and prohibited by the Federal Employers' Liability Act when such law is applicable; and the defendant's right to assert these defenses was held to be a conditional one only, subject to proof of the non-applicability of the Federal Employers' Liability Act to this action. Since under Georgia practice, a plaintiff is not required to elect to proceed exclusively under the Federal Employers' Liability Act but may recover under whatever law is shown by the evidence to be controlling, it necessarily follows that a defendant must likewise be accorded the right to rely on State law to defeat the plaintiff's action provided that it can be shown that the Federal Employers' Liability Act is not applicable.

We therefore adhere to our original ruling that the trial court committed reversible error in striking these conditional defenses and in refusing to reinstate them after the introduction of evidence which authorized the finding that the Federal Employers' Liability Act was not applicable to this action.

*Motion for rehearing denied.*