42849.  SOUTHERN RAILWAY COMPANY v. SMALLEY.

ARGUED JUNE 5, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 22, 1967—

*Scott Edwards, Jr., Matthews, Maddox, Walton & Smith, John W. Maddox,* for appellant.

*T. J. Lewis, Jr., Jean E. Johnson, Sr.,* for appellee.

FELTON, Chief Judge.  This is the second appearance of this case in this court.  The first decision is reported in *Southern R. Co. v. Smalley,* 112 Ga. App. 471 (145 SE2d 708).  Count 1 of the petition is all that is involved in this appeal.  The fourth amendment to Count 1 was made since the first trial of the case.  That amendment eliminated all questions of the plaintiff's right to recover except the right under the Federal Employers' Liability Act, 45 USCA § 51 et seq.  To simplify the trial of the complex issues in the case the court submitted to the jury the sole question whether under the facts the Federal Employers' Liability Act applied.  It found that under the disputed facts (the findings on which determined whether the Act applied— since the jury could not render a verdict on a question solely of law) the Act applied.  From the judgment on the verdict finding that the Act applied, the railroad appealed and enumerated as error the overruling of its motion for a judgment n.o.v. and its motion for a new trial on the grounds enumerated as error.

■  We are of the opinion that the law of this case was decided in the prior appeal.  While there was some additional evidence on the last trial it was not of sufficient import to change the principle covered by the rulings in the first case, that when a railroad provides shelter to an employee and at the time of an injury he is using the accommodation to rest and recuperate, he must be regarded as in "the employ" of the railroad within

the Federal Employers' Liability Act. Under the conflicting evidence in the second trial, the jury was authorized to find that the employee was using the caboose for rest and recuperation in spite of the following undisputed facts: that the employee was technically off duty; that his next assigned duty was at 7 a.m. the following day; that he was no more subject to being called for emergency duty in the meantime than if he were sleeping at home; that he was not required, in the meantime, to remain conveniently accessible for emergency call, but could go anywhere and do anything he pleased without notifying his employer where he could be reached, and that there was no penalty upon him if he was not reached for an emergency call; that he was on the caboose voluntarily and as a matter of personal choice and not by a requirement by his employer; that his purpose in being on the caboose was the mission of playing poker and relaxing; that an employee would be wrongfully on the caboose if he was drinking intoxicants while thereon; that he was not engaged in doing any actual work for his employer at the time he was injured and was not being paid for the time involved. In addition to the cases cited in the first decision, we call attention to the case of McCann v. Smith, 370 F2d 323 (rendered December 23, 1966) which decided that where a locomotive engineer went to a bunk room provided by the railroad to spend the layover time between his runs and was suddenly attacked by another occupant of the bunk room and seriously injured, it was not error for the trial court to refuse to direct a verdict for the railroad.

The court properly overruled the railroad's motion for a judgment n.o.v. and the general grounds of its motion for a new trial.

■ The court did not err in refusing to give the following request to charge for the reason that it is contrary to the decisions of the Federal courts as interpreted by this court. The request was as follows: "If you find that Mr. Smalley, at the time he was injured on the caboose, was free to choose the way and the place of preparing himself for his next day's work, and resting and recuperating for it, and another suitable place was conveniently available for him to do so, and all that was required of him was that he present himself for work the next day at the

appointed time and place, and you find that his use of the caboose was entirely a matter of his own voluntary choice for reasons personal to him and was not a matter over which the railroad exercised direction or control, and he was off duty and not performing any of his duties as a railroad employee at the time, and that he was not then functioning within the scope of his employment, then such use of the caboose by him would not cause the Federal Employers' Liability Act to be applied to this case." The same ruling applies to request to charge No. 9. There may be other reasons also why this request was not proper. The request was as follows: "If you find that Mr. Smalley either specifically or by implication had the permission of the railroad to be in the caboose at the time of his injury, but he was there solely for his own pleasure or convenience, and was not engaged in fulfilling the duties of his employment or in doing anything incidental thereto, then the Federal Employers' Liability Act does not apply in this case, and you should return a verdict accordingly."

■ The court erred in refusing to give the following charge requested by the defendant railroad: "I charge you, Gentlemen of the jury, that if you find the evidence is evenly balanced upon any issue in this cause, then and in such event it would be your duty to resolve such issue against the party having the burden of proof upon such issue." The matter contained in the request was not as fully covered in the general charge. *Richards v. Harpe*, 42 Ga. App. 123 (12) (155 SE 85); *Ga. Power Co. v. Smith*, 94 Ga. App. 166 (5) (94 SE2d 48).

■ The court did not err in refusing to give the following charge requested by the railroad: "You are not bound to believe testimony as to facts incredible, impossible or inherently improbable." Here there are no incredible, impossible or inherently improbable facts. As an illustration, the plaintiff testified that he had not drunk any intoxicating liquor. If the jury believed him, the testimony of other witnesses to the effect that he was under the influence of intoxicants was simply disbelieved and the facts to which they testified vanished. If the jury had believed the railroad's witnesses the plaintiff's denial of having partaken of intoxicants would have been incredible and im-

possible. The presumption is that the jury believed the plaintiff in preference to the opposing witnesses and the plaintiff's testimony was not incredible, impossible, or inherently improbable.

The court erred in overruling the railroad's motion for a new trial for the reason stated in Division 3 of the opinion.

*Judgments affirmed in part; reversed in part. Hall, J., concurs. Eberhardt, J., concurs in the judgment.*